[*83] *Lewis, J.
The loan officers, are trustees for the people df the state, and although their authority to’ sell be coupled with an interest, yet, as it is not a.beneficial one, a purchaser does not take under them,, but under the power created by the statute and the. mortgage.deed. He will not,. perhaps, take by relation from the creation of the power, but cértainly from the time of executing the power. What, in the.present case, was.the. act executing the power? Was it. the sdlehy the loan officers, or their execution of the deed of' *95 conveyance? I am of opinion that it was the former, and that whatever interest the mortgagor had at the time of executing the mortgage, was immediately upon the sale and payment of the purchase money, transferred to, and vested in the purchaser, and that his title would have been complete, though no deed had ever been executed by the loan officers. This opinion is founded on the following principles: 1st. That where a purchaser takes by the execution of a power, he is in, and holds under the authority creating such power: 2d. That where an authority is coupled with an interest, it shall be construed liberally, and an execution in substance, shall be sufficient. Thus a sale by executors under a power contained in the will of their testator, is a good execution without deed; (Litt. 169 ;) and if a power be coupled with an interest, though it be joint, it might, before the statute of wills, be executed by a survivor. So also in a feoffment to uses to be declared by will, the cestui que use is in by the feoffment, and not by the devise. (See the Case of Sir Edward Clere, 6 Rep. 18. Bagley v. Warburton, 2 Com. and Duke of Marlborough v. Lord Godolphin, 2 Vez. 78.) So also a purchaser at a sheriff’s sale is in under the judgment and execution.
These principles are not opposed to any thing contained in the act from which the loan officers derive their authority; on the contrary they appear to me in perfect coincidence with it. The 16th sec. declares that the purchaser shall hold the lands for such estate as was conveyed to the loan officers by the mortgage. The injunction on them to execute a conveyance, is merely directory; and though ¡t may serve as an additional evidence of the sale, it is not in my opinion, essential to the purchase; nor does their erection into a body corporate in any wise alter the case, *this being evi- [*84] dently intended to give a facility to the discharge of their various duties, and perhaps to prevent doubts and embarrassments that might arise from death or other circumstances. The deed also is not directed to be given in the usual form of a corporate act merely, for though made under their seal, they must respectively subscribe their names.
*96 But should the deed be considered as essential to the execution of the power, I do not see that it would alter the case; the act contemplates the conveyance to be made immediately upon the. sale ; the words are, •“ and upon such sale shall convey,” <fec- Now the maxims of equity, (Lechmere v. Earl of Carlisle, 3 P. W. 215,) that what ought to be done, shall be considered as done, and that trustees shall not affect the rights of other persons by not doing, or by delaying to do their duty, will forcibly apply; and we may, accordingly, so construe the words of the act as to make the conveyance relate to the time of sale, or it may be done by analogy to- the case of the Duke of Marlborough, (2 Vezey,. 70,) where it was determined, that although by bargain and sale nothing passed without enrolment, yet if the deed be acknowledged and enrolled within the six months, though the bargainee be dead, the whole should relate to the time of'execution.- The reason is that the enrolment is a collateral act required by the statute, and does not arise from the nature of the conveyance ; so here, the execution of the deed was a collateral act required by the statute, and did not arise from the nature of the transfer, which, as has been shown, would have been, sufficient in an ordinary case without deed.
My opinion therefore is, without considering the second point, that the conveyances from Crabb to Lansing, and from them to Francisco, legally transferred the title to the 14Q: acres, and of course, that the plaintiff ought to récover the remaining 20 acres only.
Kent, J.
I incline to the opinion, that no legal estate except a mere tenancy at will, vested in Crabb,-until the loan officers had executed the deed. The statute of frauds 0 [*85] *prevents a greater estate from vesting without writing ; if is besides a general rule of law, that a corporation cannot sell land without deed, and the loan officers, in the present instance, are ■ ordered by the act to convey the land which they should sell at auction, by deed under the loan office seal.
But I adopt as a just rule of construction, and applicable to the present case, the principle laid down by this court, in *97 the cause of Jackson, ex dem. June, v. Raymond,(a) “ that *whenever it is intended to be shown, that [*86] *98 nothing passed by a grant, by reason that at the time there was a possession in another adverse to the grantor, then
*99 the time to which the *grant is to relate,' is the time' [*87] when the bargain for the sale was finally concluded
*100 between the parties, and that consequently, any inter-[*88] mediate adverse possession before the *execution of
*101 the conveyance, (which is only the technical consummation or evidence of the grant,) can never affect it.” In the pre-
*102 [*89] sent case, therefore, the deed to Grabb of the *5th January, 1796, shall have relation back to the 3d Tuesday of September, "1795, being the time of. the final [*90] conclusion of the bargain by the sale and purchase *at public auction, so as to render valid any intermediate sale, or .disposition pf the land by Grabb.(a) '
Even supposing the deed of the 5th January, 1796, could not have this retrospective force by relation to the time of *103 the conclusion of the sale and purchase at the vendue, still Crabb can never be permitted to claim in opposition to his deeds of the 31st October, and 4th November, 1795, by alleging- that he had then no estate in the premises. For if a man makes a lease of land by indenture which is not his, or levy a fine of an estate not vested, and he afterwards purchases the land, he sh all notwithstanding, be bound by his deed,- and not be .permitted to aver he had ^nothing, and the stranger to whom he sells will equally. [*91] be estopped. (Oro. Car. 110. Co. Litt. 45 a. 47 b. 352 a. b. 4 Co. 53 a. 2 Mod. 115. 6 Mod. 258. 1 Salk. 276. 2Ld.Eaym.1551. 3 P. Wins, 373.) Whether a person can, in such a case, be said, technically, to be es-topped, because it is of the nature of an 'estoppel to bind privies as well as parties ; (Co. Litt, 247 b. 265 b. 339, a. Litt. § 637,) and Whether a deed can operate at all by way of estoppel,, if any interest passes by it, (Co. Litt. 45 a. 47 b. 8 Co. 53 b, 3P. Wins. 373, n.) are points on Which I forbear to give an opinion, as they áre not necessary to be discussed in the present case, since there can be no doubt that Crabb himself can never claim against his own deed. I am accordingly. of opinion, that judgment must.be rendered for the plaintiff for the 20 acres only.'
Radcliff, J. Bénson, J„ and Lansing, Ch. J. were of the same opinion.
Judgment for the plaintiff.

 Jackson, ex dem. June, against Raymond.
January Term, 1798.
H. on the 24th March, 1792, made a lease of certain premises for two years to R.; and after the expiration of the lease, on the 25th of December, 1794, sold and conveyed the premises in fee to L, pursuant to a previous contract for the sale on the 5th August, 1794. R. refused to quit the possession, and in an action of ejectment brought by I., it was held, that R. was a mere tenant at will, and that there was no disseisin, either actual, or by election of H., so as to render a previous entry necessary to enable him to pass his interest by the conveyance, which has relation back to the time the contract of sale to I. was made.
This was an action of ejectment for a house and lot of land in the town of Newburgh, in Ulster county. On the trial the plaintiff proved that one Hustice, on the 24th day of March, 1792, made a lease of the premises to the defendant, for the tetin of two years, and that after the expiration of the said lease, to wit, on the 25th day of December, 1794, Hustice conveyed the same in fee to the lessor. The defendant proved that he was in the actual possession of the premises at the time of executing the said conveyance, and that on the 5th day of August, 1794, he received from the said Hustice, a written notice to quit the premises, in the words following:
- “ Westchester, August 5th, 1794.
“ Sin,
“ On account of your neglect, I have this day bargained with Mr. June for my place which you live bn. This is to inform you, that you must, upon sight, leave the place to the care of the said June.

“ David Hustice.

“ To Francis Raymond.”
The defendant refused to quit the premises, upon which Hustice commenced an action of ejectment against him in this court, which was pending at the trial of this action.
A verdict was taken for the plaintiff, subject to the opinion of the court, whether¡IIüstice, by giving the notice to quit, and bringing his action of ejectment, had not elected to consider himself disseised, and if so, whether he could without an actual entry, convey the premises to the lessor of the plaintiff?
In January term, 1798, after two arguments, the court delivered their unanimous opinion in favor of the plaintiff’s right to recover.
Benson, J. The objection to the validity of the conveyance from Hustice, to the lessor of the plaintiff, is founded on the idea of an adverse possession in the defendant at the time of executing the conveyance. It however appears from the contents of the written notice to the defendant to quit, which was produced in evidence by him, that Hustice had contracted for the sale of the premises to the lessor at the date of the notice. This in my opinion, renders it unnecessary to decide whether the possession ought to be considered as adverse at the time of executing the conveyance. The conveyance must be *98 deemed to relate to the time when the. contract for the sale of the premises was made ; and I adopt it as a general principle, that whenever it is intended to be shown that nothing passed by a grant, by reason that at the time there was a possession in another, adverse to the grantor, the time to which the grant is to relate, is the time when the bargain or contract for the sale and purchase of the land, was finally concluded between the grantor and grantee, and consequently, any intermediate adverse possession before the execution of the conveyance, which is the technical consummation of evidence of the grant, can never affect it. I am therefore of opinion, that the conveyance to the lessor was Valid, and that the plaintiff is entitled to recover.
Lewis, J. Two questions arise in this cause.
1. Was there an actual disseisin of Hustiee?
2. Was he so dispossessed by election, or otherwise, as to make an actual entry necessary to enable him to pass his interest?
I do not find, among any of the authorities I have met with, those adduced by the defendant’s counsel not excepted, that the holding over of a tenant for years, was ever considered as an' actual disseisin. To satisfy ourselves that the- contrary is the fact, we need only resort to the ancient definitions. In Lit. sec. 279, disseisin is said to be, where' a man enters into lands or tenements, (where his entry is not congeable) and ousteth him who hath the freehold. And in the Commentary it is subjoined, “ Every entry is not a disseisin but there musthe an actual ouster of the freehold.” A tenant' for years or at sufferance enters by title ; of course his entry is lawful, and there is no disseisin. Whether he may be a disseisor at election is not now the question.,
The cases and authorities principally relied on by the defendant’s counsel, on th'e argument of this Cause, were, first, that of Blunden & Baugh, (Cro. Car. 302,) which if applicable at all to the case before us, certainly is not in his favor. The question there was, whether a lease for years by a tenant at will was an actual disseisin óf the freehold and inheritance, and three judges against one held it was not.
. The next is from 1 Roll. 559, pi. 15, which is decisively against him. The words are, “ If lessee, for years, holds over his term, yet is he no disseisor, for this, that he comes in by act of the party, but he is called tenant ;at sufferance.” And in 1 Inst. 57 6. the same definition of a tenant at sufferance will be found. >
Th.e case of Rous and Artois, (2 Leo. 45,) is in the same predicament. The reasoning of counsel appears here to have been mistaken for the decision of the court, which is directly . against it. The principal question was, whether copyholds granted by a tenant pur autre vie, after the death of the cestui que vie were valid. All the justices held that they were not; “ for that he who granted was but tenant at sufferance, and not a disseisor, nor had gained a fee, because he came in first of right,”
In the case of The Mayor and Commonalty of Norwich v. Johnson, (3 Mod. *99 91, 92,) the reasoning of counsel is again relied on, which, however, as far as it is applicable to this case, merely tends to show, that by disseisin a fee is acquired, which will not be denied.
The case of Jackson ex dem. Fisher and Taylor v. Prosser, (Cowp. 217.) was adduced to show, that a man may come in by a rightful possession, and yet hold over adversely without a title. And Lord Mansfield held that he may, under circumstances. The question simply was, whether a tenant in common, holding the whole, independent of his cotenant, for 40 years, was not a sufficient circumstance to be left to a jury to infer an actual ouster, to let in the statute of limitations as a bar to the action. The court determined that it was, and the jury found accordingly.
In the case of Doyle v. Walke, (Carth. 2,) the reasoning of counsel is again relied on. It is true the court accord with him in opinion on the point raised but surely not for the reasons he assigns, and the point then in question has no kind of relation to the present case. It was simply this, that on a scire facias to an executor, on a judgment had against his testator, it was necessary to state him in the writ, not merely an executor, but as tertenant of the lands recovered. (See also Salk. 600, Proctor v. Johnson.)
In the case of Taylor ex dem. Atkyns v. Horde, (1 Burr. Ill,) this question is decided by Lord Mansfield, who says, “ where an ejectment is brought, there can be no disseisin, because the plaintiff may lay his demise when his title accrued, and recover the profits from the time of the demise. The entry confessed is previous to making the lease : but there is no real or supposed reentry after the ejectment complained of. If it was considered as a disseisin, no mean profits could be recovered, without an actual re-entry.”
The second question I consider as the more nice and doubtful of the two. It will be proper to divide it, and to consider, first, whether a reversioner, after the termination of a term for years, can alienate his interest without an actual entry, his lessee holding over; secondly, whether he can so alienate, pending an ejectment brought by him for the recovery of the premises.
There are many cases in which an actual entry is necessary, either to vest a new interest, or to reduce an existing one. There are also some in which it is not necessary, (at least to certain purposes,) being either supplied by operation of law, or on account of the little estimation in which the law holds the particular interest. Thus an heir at law may make leases before entry, although he cannot maintain trespass, until by entry he acquires possession in fact. (Plowd. 142.)
Thus also no entry is necessary to avoid an estate which ends by limitation, the law casting it on the party to whom it is limited, without entry or claim, and vesting it in him until he disagrees to it. (2 Mod. 7.)
Thus also it will be found, that conditions have been construed into limi_ tations, to support conveyances of estates. In the case of Poussly v. Blackman, (Cro, Jac. 659.) on a bargain and sale of lands, conditioned to be void *100 on payment of a' sum of money, and that the bargainee should not enter until failure of the condition, the bargainor failed to make payment, the bargainee never entered, but devised the lands and died, and it was held a good deyise on which the devisee could maintain an ejectment.
The smallness of the particular estate also, as where it is but a chattel interest, will, in some cases, render a re-entry unnecessary. If a lease be for life upon condition, the reversioner shall not take advantage of a failure of the condition without entry ; but if the lease had been for years, it would be otherwise, because the lease for years is ipso facto void, by breach of the- condition, without entry ; for a lease for years may begin without ceremony, and end without ceremony, but an estate of freehold cannot begin or end without ceremony : and of a void thing a stranger may take benefit, but not of an estate voidable by entry. (Co. Lit. 214 b. Jenk. 121, case 43.)
In the case of a tenant at sufferance, no re-entry is necessary to enable the reversioner to pass his interest. In Willis v. Jermine, (2 Leon. 97,) in ejectment, a lease was made to Jermine rendering rent, and. for default of payment to be void. The rent was afterwards demanded, and not paid, and the lessor, without entry, leased the lands to Willis, Jermine being in the actual possession, and it was held good, for that Jermine was but a tenant at sufferance, and the counsel for the defendant, agreed, that if he was but tenant at sufferance, the second lease was good.
There are few cases in which the possession of a tenant at sufferance is regarded in law. - His descent will not toil an entry. (Cro. Eliz. 238, Allen v. Hill.) Of course, he cannot be a disseisor. His possession and talcing of the profits is not sufficient, in case of conveying away the property, to-.protect him against a prosecution for maintenance ; for by Wray, Ch. J., in the case of Pike v. Hassan, (3 Leon. 233;) he is but a tortfeasor.
From these authorities it results that a lessor, after the expiration, of the term of the lessee for years, may convey without actual entry, notwithstanding •the holding over of the lessee.
The only remaining question is, whether Hustice by bringing his ejectment, so far altered his situation, as to make an entry necessary. The case of Smartel v. Williams, (Salk. 246,) furnishes the answer, and will be found to mfeet precisely every point that has arisen in this cause. A.mortgagee of a term assigned without the mortgagor’s joining ; the assignee brought an ejectment, and pending the suit, assigned over. The questions, were, as in the case before us, was this a disseisin; was not the term divested and turned to a right, by the first assignee having elected to consider himself dispossessed ; could he therefore assign without entry; and could the second assignee maintain this action as lessor of the plaintiff? It was held by Holt, that the mortgagor, by the covenant to enjoy until default of payment, is tenant at will; the assignment made him tenant at sufferance, but his continuance in possession could never make a disseisin, nor divesting of the term. Other *101 wise had the mortgagor died and his heir entered ; for the heir was never tenant at will, and his first entry was tortious. And as to the bringing of an ejectment, that could not admit an actual divesting, so as to turn the term into a right, for that was not brought to recover the mortgaged term, but the actual possession only, nor does the assignee appear a party to the record, but only lessor of the plaintiff, so that this record [the first which was produced in evidence] can be no evidence or estoppel against him ; and the court will take notice, that an ejectment is only a fictitious proceeding, for recovering the possession; which cannot well be otherwise obtained, and that the entry confessed is not a real entry, for it will neither avoid a fine, nor support trespass for mesne profits.
There still remain a few authorites, which were cited and relied on at the last hearing, that merit notice.
A landlord cannot bring trespass without entry, against a tenant who holds over. (2 Black. Com. 150. 5 Mod. 384.) This is unquestionable law, and results from the circumstance of his first entry having been rightful and not tortious, and also from that rule of law, that none but the person who has the possession in fact can sustain this action. Two consequences, however, result from those authorities, in confirmation of the doctrine laid down in Smartel v. Williams, to wit, that a plaintiff in ejectment admits himself dispossessed, for the sake of his remedy merely, and to no other intent, for after a recovery he may maintain trespass for mesne profits, without an actual entry; and that such tenant cannot be a disseisor, for a disseissee may have trespass for the first entry, without regress, though not of the continuance of the trespass after the entry. (Bro. tit. Trespass, pi. 227; and Co. Lit. 257.)
A case was also cited from 2 Black. Com. 144, to this effect,, that a tenant for years possesses only his term ;' the possession and seisin .of the land being in the freeholder.
The inference from this is certainly favorable to the plaintiff, for he surely might accept a grant of the freehold from one possessed of it. ' This authority also furnishes an answer to the objection on the ground of maintenance.
From these various authorities, I am of opinion, that a tenant at sufferance ' has no such interest or possession as will prevent him who has the freehold from passing his estate, and that his grantee may maintain his action : That an ejectment brought by the grantor, though pending at thé time of .the grant, will not affect the grantee’s right; and that he may elect to be dispossessed for the sake of his remedy only, without being considered so to any other intent. (See the case of Jackson ex dem. Van Alen v. Rogers, ante, 33.) I therefore think that the verdict ought to be entered for the plaintiff.
Lansing, Ch. J. declaredhimself to be of the same opinion.(a)
(a) Only three judges were present during this term.
Judgment for the plaintiff

 Relation is a fiction of law, resorted to for the promotion of justice and the lawful intentions of parties, by giving effect to instruments, which without it would be invalid jut res magis valeat quam pereat, Per.Mr. Jay, arguendo, in Doe v. Howland, 8 Cowen, 277; Com. Dig.; Bargain and Sale, B. 9. “ Where there are" divers acts concurrent to make a conveyance.'estate, or other thing, the original act shall be' preferred, and to this the- other act shall have relation.” Vin. Ab. tit. Relation, 290. ■ See Menvill’s case, 13 Co. 21. Harper v. The Bailiffs of Derby. Thus, a patent for land given by the state, dated December 4, 1810, but which did not pass the great seal until the. 28th of the same month, was held to relate back as between the parties, so as to vest-the title in the patentee from the date, and enable him to maintain trover for timber cut and carried away from the land between the 4th and 28th day of December, by persons having no title or claim to it; Heath V. Ross, 12 Johns. R. 140. So a lease for nineteen years and nine months, executed August 1st, 1795, pursuant to a prior parol agreement for a lease for twenty years, was considered as relating back to May 1st, in the same year, .so as to make valid a demise by way of mortgage made by the lessee on the 6th May, 1795. Johnson v. Stagg, 2 id. 510. So, where land of A. was sold under-an execution at the suit of B. against A., on the first of March, and the deed of the sheriff, to .the purchaser under the execution, was not executed until the 19th ; previous to which time, on the 10th, a mortgagee of the same land filed a bill of foreclosure in chancery, against A.; it was held that the sheriff’s deed related back to the time of the sale, and that the purchaser was not precluded from contesting the validity of the mortgage in an action of ejectment at law, he not being a party to the bill in equity, and as his title was acquired previous to the noticé of lis pendens in chancery,, though not consummated until afterwards. Jackson ex dem. Noah v. Dickenson, 15 id. 309. Se also Jackson ex dem. De Forrest v. Ramsay, 3 Cowen, 75. Klock v. Cronkhite, 1 Hill, 107. As to this doctrine under the English bankrupt laws, see Doe d. Esdaile v. Mitchell, 2 M. & S. 446. As to insolvent debtors, Doe d. Whatley v. Telling, 2 East, 256. But the doctrine pf relation being a fiction of law for the furtherance of justice, is not admitted to the prejudice of third persons, not parties or privies, having any right, for in fictions juris semper esquitas existit. Jackson ex dem. Griswold v. Bard, 4 Johns. R. 230, 234; Per Thompson, J; Heath v. Ross, ut supra. Case v. De Goes, 3 Caines’ R. 261, 262 ; per Thompson, J.