## S. T. HOLBROOK, JUDGE OF PROBATE, *vs.* DAVID N. BENTLEY.

An executor's bond was given with a condition that the executor should "well and truly execute said will and settle said estate according to law, the provisions of said will and the orders of court, within one year from the date hereof." Held a valid bond, although the statute then in force prescribed a form for an administrator's bond which stated the duties of the administrator in detail, and provided that executors should "become bound in the same manner *mutatis mutandis.*"

The will in this case contained provisions which could not be executed within one year. Held, that this fact did not render nugatory that part of the bond which required a settlement within one year, but that that provision of the bond would be construed as applicable to such duties of the executor and orders of court as could be performed within one year.

Whether, if that provision of the bond were held to be applicable to the will itself, so that that part of the condition could not be performed, it would affect the validity of that part of the condition which could be performed : *Quære.*

A testator made a certain provision for his widow, whom he appointed his executrix, and after making sundry bequests gave all the rest of his property to his grandchildren after the death of his widow. There was thus left a considerable amount of personal property not expressly disposed of during the life of the widow, and which would, if regarded as falling into the residuum, be left in the hands of the executrix to accumulate for the grandchildren. Held that, as this intention was improbable, and there were no words to indicate it, and no provision that the executrix should hold the property as trustee for the grandchildren, the will should be construed as giving the widow the use of this property for her life.

A new trial for a verdict against evidence on the ground of insufficient damages, denied, where the difference was inconsiderable.

DEBT on a probate bond, given by the defendant jointly and severally with one Vashti Clark, executrix of the will of Andrew Clark. The case was tried to the jury in the superior court, before *Loomis, J.,* upon a traverse of the replication, which set out a breach of the bond. A verdict was returned for the plaintiff for $158 damages, upon which the defendant moved in arrest of judgment for the insufficiency of the replication, and for a new trial for error in the charge of the court. The motion in arrest was reserved with the other motion for the advice of this court. The plaintiff also moved for a new trial on the ground that the verdict was against the evidence in the amount of the damages, which were claimed to be insufficient.

The condition of the bond was as follows:—" The condition of this obligation is such, that if the above bounden Vashti Clark, who is appointed and has accepted of the trust of executrix of the last will and testament of Andrew Clark, late of Norwich, deceased, shall well and truly execute said will and settle said estate according to law, the provisions of said will and orders of court, within one year from the date hereof, then this obligation is to be void; but on default thereof, to remain and abide in full force, power and virtue."

The principal question in the case was upon the construction of the will of Andrew Clark. The portions of it material to the case are as follows:—

" 1st. I do, by this my last will and testament, constitute, make and ordain Vashti, my beloved wife, to be my sole administrator and executrix, with the assistance of my son Joseph A. Clark, of this my last will and testament. After

paying my just debts and funeral charges, I do will and bequeath to Vashti, my wife, the use of three thousand dollars : to wit, one thousand dollars in the Methodist Chapel in East Chelsea ; also two thousand dollars in the hands of the Missionary Board in New York. Also I do give and bequeath to the said Vashti all my household furniture, except such legacies as shall hereafter be named, to be paid as shall be directed."

\*          \*          \*          \*          \*

" 5th. What follows is after the death of my executrix. \* \* \* \* I do will and bequeath all the remainder of my estate indiscriminately, be it money or household furniture, equally to all my grandchildren.".

With these facts the case will be sufficiently understood from the opinion of the court, without any further statement.

*Hovey*, with whom was *Brewer*, for the plaintiff.

*Halsey* and *A. F. Park*, for the defendant.

HINMAN, C. J.   There is in this case a motion in arrest for the insufficiency of the replication, and a motion for a new trial by the plaintiff, on the ground that he was entitled to a much larger sum in damages than the jury awarded to him. There is also a motion for a new trial by the defendant, on the ground of the wrong construction given by the court to the will of Andrew Clark, and also to the bond in suit.

The motion in arrest is founded upon the idea that the bond, the condition of which is set out in oyer, was unauthorized by law, and therefore void, and it will be proper in the first place to dispose of this question, before coming to the questions arising on the motion for a new trial.

The statute in force at the time this bond was given did not in terms prescribe the form of the condition of an executor's bond.   It provided that if the executor should refuse to give bond with surety for the faithful discharge of his trust, administration with the will annexed should be granted, and then, after giving the form of the condition of an administrator's

bond, it enacted that executors should "become bound in the same manner, *mutatis mutandis*." Stat., Ed. 1838, pp. 228, 229.

The condition of the bond in question is different from the form thus given for an administrator's bond, in being less specific and particular in prescribing the various duties to be performed. It provides however that the executrix shall execute the will of the deceased, and settle his estate according to its provisions, and according to law and the orders of the court of probate, and this is really all that would have been required and precisely what would have been required if the bond had as literally followed the form for an administrator's bond as it would be proper for an executor's bond to do; the only difference being that the specific duties which are prescribed in the form given for an administrator's bond are in this case provided for by the general words "shall well and truly settle said estate according to law and the orders of the court of probate."

It was insisted upon, however, that the condition of the bond in this case required of the executrix that she should settle the estate according to the provisions of the will within one year, when by the provisions of the will much of the estate was to be finally settled and distributed only after the death of the executrix, and therefore could not be settled by her at all, and might require many years before the executors provided for after her death could have anything to do in respect to it; and the condition was therefore claimed to be wholly nugatory and void. If this were so it might be very questionable whether it would have any effect upon that part of the condition that could be performed within the year, and was therefore legal. The bond was not executed under duress of any sort, and was therefore entirely voluntary, and such of its conditions as were legal and capable of being performed it would seem ought to have been performed. But the court, as we think, correctly construed the words "within one year" as applying to such duties relating to the settlement of the estate before the court of probate as could be performed within that time, and not as applying to duties which in

express terms, upon the face of the will, it appeared could not be, and therefore were not intended to be, discharged until after the death of the executrix. The court was justified in transposing the words of the condition, if necessary, in order to carry out the intention of the parties in making the bond an efficient instrument for the purpose for which it was executed. The intention here is so obvious as hardly to admit of any mistake. It is an official bond given for the discharge of official duties, expressly prescribed by statute, and for the performance of the orders of the probate court, and the main provision in the condition is that these duties shall be discharged according to law and the orders of the court. It was therefore the intention to require this, and not to require anything that conflicted with the discharge of these duties, or which it was impossible to perform. If the words "within one year" are slightly transposed, and placed next after the words "settle said estate according to law," the provision would have required the executrix to settle her administration account within the year, which no doubt was what was intended. This renders the bond a valid instrument in every particular, and we have no occasion to consider the question of its invalidity in every respect, had some of its provisions and requirements been either impossible or contrary to law. The motion in arrest should therefore be overruled.

The questions whether a new trial ought to be granted upon the plaintiff's motion, because the damages are less than are required by the evidence in the case, and whether one should be granted upon the defendant's motion, because the court misconstrued the will of Andrew Clark, may properly enough be considered together, since the damages which the plaintiff ought to recover depend very much upon the construction of that will. The will is an exceedingly inartificial instrument, the meaning of which in respect to the matter in controversy in this case has to be made out by inference, rather than from any direct language of bequest or devise.

In the first clause of the will the testator, after appointing his wife executrix, apparently made such provision for her as he deemed sufficient. And yet, if this construction is given,

a considerable portion of his property would be left in her hands as executrix, with the income arising from it to accumulate until her death, at which time by a subsequent clause it was to go to his grandchildren ; and this is the construction which the plaintiff insists ought to be given. The ground on which it is claimed is, the omission of the testator in terms to dispose of this income in any other way ; and if it is wholly undisposed of otherwise, it would of course sink into the residuum, and thus belong to the grandchildren as a part of it. But if this construction is given then the executrix is by implication made a trustee for the grandchildren of this property during her life, with no benefit to any one arising from it during that time, when there was no apparent object for creating any such trust, and there are no words in the will to indicate that such was his intention. The testator at the time of his death had children and grandchildren of age, yet he gives them nothing until the death of his wife, and then, passing by his children, he merely provides that his grandchildren shall take the residue of his estate. He does not name any trustee who is to hold the property during the life of his wife, and it is only because the property happens to be in the hands of the executrix that it is claimed she becomes so in point of law by implication. But if he intended the whole of this portion of his estate, including the income arising from it, for the benefit of his grandchildren, there was no reason whatever for placing it, for a wholly indefinite period of time, in the hands of his executrix. It could not have been for the purpose of preserving it during the minority of these grandchildren or any of them, for on her death, which might happen at any time, but which in fact did not happen for a period of more than twenty years, it was immediately to go to the grandchildren. Now it is hardly to be supposed that the testator acted wholly without motive in respect to this property. It consisted of choses in action, which require care, and from which he knew an income would constantly accrue, and as there was no reason for suffering it to accumulate for an indefinite period before distribution, we are inclined to think that it was left in the hands of his wife

during her life for her benefit; and that the benefit he intended she should derive from it was in the receipt of the interest and accruing income for her sole use.

If we are correct in what has been said, then it appears that the court was in an error in charging the jury that only the use of three thousand dollars, and some household furniture, was by the will given to the widow, and that no other interest, either in terms or by implication, was given her; and ordinarily this would entitle the defendant to a new trial; but as the jury in this case certainly give the plaintiff no more than he was entitled to of the principal sum, without regard to the income or interest arising therefrom, we do not see that the defendant was at all injured by the erroneous instruction, and therefore we do not advise a new trial in his favor on this ground.

From what was said in regard to the construction by the court of the phrase " within one year," in the condition of the bond, when considering the motion in arrest, it appears that the court below was right in the construction given to that instrument, and there is therefore no ground for a new trial in the defendant's favor on that account, and it remains only to consider whether the evidence sustains the verdict in respect to the amount of damages awarded.

The great object of the plaintiff was to recover the interest accruing during the life of the widow, on the property which was eventually to go to the grandchildren, and we do not understand that he desires a new trial except for the purpose of recovering this interest. The verdict appears to be a trifle less than the amount actually due from the testatrix. She received notes, and a bond and mortgage, all amounting to $2,600, and after deducting legacies, and a note of $200, which the jury must have found was lost by the insolvency of the maker, there was left in her hands $1,690, $1,500 of which has been paid since her decease, which would seem to leave in her hands a balance of $190. Upon what principle the jury deducted a few dollars more we do not know, but a new trial does not seem to be claimed on this ground, perhaps because the expense of another trial would be more than the

difference between this sum and the verdict. We do not advise a new trial on the plaintiff's motion.

In this opinion the other judges concurred.