(3 Misc. Rep. 530.)

## LANG v. EVERLING.

(Common Pleas of New York City and County, General Term. May 8, 1893.)

1. WILLS—ESTATE DEVISED—MECHANICS' LIENS.
   Testator gave his wife all his property for life, if she should remain his widow so long, on condition that she should, out of the income, maintain his children during minority; the will expressly stating that the devise was intended to be in lieu of dower. *Held* not to create a trust estate for testator's children, but a life estate in the widow, "charged" with the children's support, and that she had alienable estate, and was an "owner," within Laws 1885, c. 342, giving a lien for work done on any house with the owner's consent, to the extent of his interest.

2. SUMMARY PROCEEDINGS—PURCHASER OF DEMISED PREMISES.
   Code Civil Proc. § 2231, subd. 1, provides that a tenant may be removed for holding over without the landlord's permission. Subdivision 2 provides that a previous demand of payment of rent shall be made, not in behalf of the lessor, but in behalf of the person entitled thereto. Section 2235 provides that application for the removal of a tenant may be made by the landlord or lessor, or by the assignee of the landlord. *Held*, that the term "landlord," as used in section 2231, includes the purchaser under foreclosure of a mechanic's lien.

Appeal from fourth district court.

Proceedings by Michael Lang against John Everling to recover possession of leased premises. There was a judgment for defendant, and plaintiff appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Bartlett, Wilson & Hayden, for appellant.
John Fennel, for respondent.

BISCHOFF, J. The premises of which appellant sought to recover possession by means of the summary proceedings which were instituted by him are part of the estate of which Jules Weil died seised. He left a last will and testament, which was duly admitted to probate by the surrogate for the county of New York, and provided as follows:

"2nd. I give, devise, and bequeath unto my beloved wife, Jeanette Weil, all my estate, real and personal and mixed, and of every name and nature, and whatsoever the same may be at the time of my death, to be held and enjoyed by her, together with the rents, issues, income, interest, gains, and profits thereof, for and during the term of her natural life, if she shall so long continue my widow, upon the express condition, however, that she shall, out of such income, maintain and educate my children during their minority. * * * 4th. The provisions hereinbefore made for, and the devises and bequests to, my said wife, subject to the maintenance and education of my children during their minority, as aforesaid, are only made and given upon condition that she accept the same in lieu of all dower or thirds in my estate."

It does not appear that the widow entered upon any lands which were assigned to her for dower, or that she commenced proceedings to recover her dower, or for the assignment thereof, within one year after the testator's death; and, under the provisions of the Revised Statutes of this state, (3 Rev. St. [Banks & Bros. 7th Ed.] p. 2198, § 14,) she must be deemed to have elected to accept the testamentary provisions for her benefit in lieu of dower.

Some time after the testator's death, Michael Lang, the appellant, obtained a lien, pursuant to the provisions of the mechanic's lien law, (Laws 1885, c. 342,) upon the widow's interest in the real property devised to her, for services performed and materials furnished in and about certain improvements and repairs. This lien was appropriately foreclosed by action in this court, and the widow's interest decreed to be sold. At the sale, Lang became the purchaser, and by the referee's deed, which is dated December 13, 1892, her interest was conveyed to him. Thereupon, Lang demanded payment of the month's rent, which became due and payable in advance on the 1st day of February, 1893, from John Everling, who was conceded to be the tenant and lessee in possession under a lease from the widow; and, upon his refusal to pay, proceedings to dispossess him were instituted by Lang on the ground that he continued in possession after default in the payment of rent, without the landlord's permission. Code Civil Proc. § 2231, subd. 2. On the trial it was contended for the tenant that the widow's estate, under the will of Jules Weil, was that of a trustee to receive the rents, issues, and profits, and to apply them towards the maintenance and education of the testator's children during

their respective minorities; that Lang did not obtain a valid lien upon the trust estate, because such an estate is incapable of sale; and that he did not, for the same reason, acquire any interest in the premises by means of the foreclosure sale and the referee's deed to him, and so was not entitled to maintain proceedings to recover possession. Could we agree to the trial justice's construction of the will of Jules Weil, the judgment appealed from would require our affirmance. A trust estate is inalienable, by express provision of law, when the trust is expressed in the instrument which creates the estate. 3 Rev. St. (Banks & Bros. 7th Ed.) p. 2183, § 65; Powers v. Bergen, 6 N. Y. 360; Leonard v. Burr, 18 N. Y. 107; Briggs v. Davis, 20 N. Y. 21; Fitzgerrold v. Topping, 48 N. Y. 444; Douglas v. Cruger, 80 N. Y. 15. Neither a creditor of the trustee, personally, nor one of him in his representative capacity, can acquire, by means of the assertion of a lien, any rights respecting the trust estate which the trustee did not have; and it follows that if the widow, as devisee of Jules Weil, obtained only a life estate in trust for the testator's children, a pretended lien, and a sale in proceedings to foreclose it, are ineffectual to transfer the estate to the purchaser. But we are of the opinion that the will devised a life estate to the widow, charged only with the maintenance and education of the testator's children, which was determinable upon her remarriage, and that, after providing for the maintenance and support of the children, the remainder of the rents, issues, and profits inured to the benefit of the devisee of the life estate. That such was the testator's intention, we think, clearly appears from the language of the will; but, if there is any ambiguity therein, it is dispelled by the fact that the widow is required to elect between her right of dower, and acceptance of the devise and bequest to her. Such an election may be imposed only when the testamentary provisions confer some benefit to the widow, (3 Rev. St. [Banks & Bros. 7th Ed.] p. 2198, § 13;) and that the testator required his widow to elect between her dower and the provisions of the will manifests an intention to devise to her something more than a nominal estate. A "charge" upon land by will is distinguished from a "trust" of the land, in that in the case of the former the land is devised generally for the beneficial enjoyment of the devisee, subject, however, to the payment by him of a specific sum or specific sums of money, or the performance of a particular duty, while in the case of a "trust" the devise is limited to some particular purpose, with no beneficial interest in the devisee. 13 Amer. & Eng. Enc. Law, p. 109, note; King v. Denison, 1 Ves. & B. 260, 272; Wood v. Cox, 2 Mylne & C. 684; Tregonwell v. Sydenham, 3 Dow. 194, 210. It will be observed that the will under consideration devises to the testator's widow the income of all his estate, generally, with no directions respecting its application, except that out of it she is to maintain and educate his children. This, under the definitions given above, excludes a "trust," and implies a "charge." See, also, Dill v. Wisner, 88 N. Y. 153.

The life estate devised to the widow was capable of alienation by her, in the absence of a condition restraining it,—subject, of

course, to the charge imposed thereon by the terms of the will. 16 Amer. & Eng. Enc. Law, p. 881; Jackson v. Van Hoesen, 4 Cow. 325. She was an "owner," within the mechanic's lien law, (Laws 1885, c. 342,) upon whose interest a valid lien could be obtained for services performed and materials furnished in erecting, altering, or repairing any house, etc., with his consent, to the extent of such owner's interest, whether it be that of a fee or of a less estate; and upon the foreclosure of the lien the widow's life estate, subject to the "charge," was effectually transferred from her to the purchaser at the foreclosure sale. The conveyance of the widow's estate to Lang, as purchaser at the foreclosure sale, was without any reservation respecting rent, and he therefore became entitled, as owner of the lessor's reversion, to all future accruing rent. Demarest v. Willard, 8 Cow. 206; Whiting v. Street, Anth. 276; Jackson v. Bull, 1 Johns. Cas. 81; Jackson v. Raymond, Id. 85, note; Gear, Landl. & Ten. § 130. As between him and the lessee, the conventional relation of landlord and tenant was created by the conveyance. Birdsall v. Phillips, 17 Wend. 464, 473. No attornment was necessary, (3 Rev. St. [Banks & Bros. 7th Ed.] p. 2195, § 146; 12 Amer. & Eng. Enc. Law, p. 664; Morris v. Niles, 12 Abb. Pr. 103;) and the purchaser became entitled to all the remedies for nonperformance of the covenants and conditions on the part of the lessee to be performed, as the lessor might have maintained had the reversion remained in him. 3 Rev. St. (Banks & Bros. 7th Ed.) p. 2203, § 23.

Neither can it be successfully disputed that the grantee of the lessor's reversionary estate, whether he became such by voluntary conveyance or judicial sale, is entitled to maintain proceedings to recover possession of the premises, upon the tenant's or lessee's default in the payment of rent, under the provisions of section 2231 et seq. of the Code of Civil Procedure. The term "landlord," as used in section 2231,[1] is not restricted to designate the lessor only, but includes the grantee of the latter's estate. That this is so appears from subdivision 2 of the section last referred to, by which it is required that a previous demand of payment of the rent shall be made, not in behalf of the lessor, but "in behalf of the person entitled" thereto; and from section 2235, which prescribes that application for the removal of the tenant may be made by the landlord or lessor, or by the legal representative, agent, or assignee of the landlord.

Our conclusion from the foregoing is that the trial justice erred in dismissing the proceedings, and that the judgment appealed from should be reversed, and a new trial ordered, with costs to the prevailing party to abide the event.

---

[1] Code Civil Proc. § 2231, subd. 1, provides that a tenant may be removed for holding over without the landlord's permission.