**BOETTCHER v BOETTCHER et**

Ohio Appeals, 1st Dist, Hamilton Co

No 4563. Decided Feb 19, 1934

Andrew O. Haefner, Cincinnati, and Wm. M. Friedman, Lorain, for plaintiff.

Harry Wernke, Cincinnati, and Alfred Pfau, Cincinnati, for defendants.

## OPINION

By HAMILTON, PJ.

The question for determination is whether or not under the law, the plaintiff, William Boettcher is entitled to have partition.

The construction of the petition is that Edward Boettcher was the owner of one-half of the property described in the petition, and that his wife who was the owner of the other half devised the same, the income to Edward Boettcher the husband during his natural life, and the remainder to the plaintiff and the defendant Elsie Parker.

Two questions are presented: **First,** whether the devise of the income from the real estate to the husband during his natural life is equivalent to a devise of the life estate in the realty? **Second,** Does the life estate covering the whole of the property devised prevent partition?

We are of opinion that the law is well settled that a devise of the income from real estate during life is in effect a devise of a life estate in the realty. This in effect is the holding in the case of **Isherwood v Isherwood, 16 O.C.C., 279,** and cases therein cited. This rule is also pronounced in 26 R.C.L., 239, and cases there cited, and in 40 Cyc, 1536. We know of no holding to the contrary.

The next question is, does the life estate prevent partition? This question is also settled by the Supreme Court of Ohio in the case of **Rawson v Brown, 104 Oh St, 537.** At page 540 of the opinion, the court states:

"It is the settled law of this state that where there is an outstanding estate for life vested in a third person in the whole of the premises of which partition is sought, the remaindermen cannot have partition. **Tabler v Wiseman, 2 Oh St, 207,** and **Eberle v Gaier, Jr., 89 Oh St, 118.**"

This pronouncement of the Ohio rule is reiterated in the case of **Embleton et v Mc-Mechen et, 110 Oh St, 18.** At page 26 of the opinion, the court states:

"However, if it be urged that the plaintiffs obtained an estate for life in the forfeited premises with the remainder in Ebbleton and Slater, partition would not lie against the remaindermen since the life tenants and remaindermen have no unity of possession and are not tenants in common within the terms of §12026, GC, which compels tenants in common and coparceners to suffer partition. That the remaindermen cannot have partition, where a life estate intervenes, has been decided in the following cases: **Tabler v Wiseman, 2 Oh St, 208,** and **Eberle v Gaier, Jr., 89 Oh St, 118, 105 NE, 282.**"

It is suggested, and the trial court so held, that §12042, GC, is authority for partitioning the real estate described in the petition. §12042 GC has to do only with dower in an estate which is subject to a life estate, and authority is there worked out for realizing the dower interest, notwithstanding the life estate. This section has nothing to do with partition. The right to partition is limited to §12026 GC.

Our conclusion is, that the life estate is a bar to the partition of this estate. The demurrer to the petition is therefore sustained, and the petition dismissed, at the costs of the plaintiff.

CUSHING and ROSS, JJ, concur.