**MEEK, Appellant, v. EVATT, Tax Commr., Appellee.**

Board of Tax Appeals.

No. 7334.   Decided April 12, 1945.

James O. Tripp, Columbus, on behalf of the appellant.
Hon. Hugh S. Jenkins, Atty. Genl. of Ohio, Columbus, and Aubrey A. Wendt, Asst. Atty. Genl., Columbus, on behalf of the appellee.

## ENTRY

This cause came on for hearing on the appeal of Emma C. Meek from a final order of the tax commissioner denying appellant's application for review and redetermination of an intangible personal property tax assessment made by him against the appellant for each of the years from 1935 to 1941, both inclusive. This cause was heard and submitted upon the transcript of the proceedings before the tax commissioner, the evidence, which consists solely of a certified copy of the last will and testament of J. F. Meek, deceased, and briefs of counsel.

The assessments here involved were levied on investments not yielding income, consisting of 200 shares of common stock of the J. F. Meek Company, which appellant did not return for taxation. In her notice of appeal the appellant claims she held said stock as trustee and, consequently, she would be liable only for her share of income received from such stock as a beneficiary, and since said stock did not yield any income during said period, she is not liable for any taxes thereon, and that the assessments complained of are, therefore, illegal.

It is appellant's contention that under the provisions of the last will and testament of J. F. Meek, deceased, she received these shares of stock in trust for herself and others. The items of this will read as follows:

"Item 1st. I direct that all my just debts (excepting mortgage indebtedness on my real estate) and the costs and expenses of my last sickness and the costs and expenses of administering my estate be fully paid out of my personal estate.

"Item 2nd. I give and bequeath all my household goods and furnishings including my library and my personal effects to my wife Emma C. Meek for and during her natural life, with power of disposing of the same as she may deem best during her lifetime.

"Item 3rd. I give and devise to my beloved wife for her use and benefit during her lifetime, all the remainder and residue of my property including corporate stocks, but except-

ing my life insurance, but charged with the payments and provisions for my mother, sister and daughters hereinafter set forth.

"Item 4th. In case my wife shall die before me or in case of her death prior to my daughter Mary reaching the age of thirty years, then I give and devise the property described in item three to my sons Guy S. Meek and Daniel C. Meek in trust until Mary reaches said age, the net income therefrom to be divided equally among my children, but subject to the provisions and charges made herein for my Mother and sister.

"Item 5th. I direct that the proceeds of my life insurance policies shall be applied first to the payment of my personal debts and the bonds secured by mortgage on real estate; but if not required for these purposes then the same or any balance remaining thereafter shall be paid over to The J. F. Meek Company.

"Item 6th. I direct that my wife or in case of her death, then said trustees shall furnish a home to my Mother Lucretia Powell so long as she shall live and I also direct that the income from ten (10) shares of stock (par value $500.00) of The J. F. Meek Company shall be paid to my sister Mrs. Nina Powell during her life-time. I also direct that my wife or in case of her death that said trustees shall out of the income from said trust property provide funds to complete Mary's education. I further direct that my wife shall at all times provide a home and comfortable support for my daughters if they are unmarried.

"Item 7th. I have on my books certain charges against my children for moneys advanced to them or paid out for their benefit, and I have also advanced to my son Guy S. Meek One Thousand Dollars at the age of twenty-one and Fifteen Hundred Dollars at a later period to assist him in business, but I direct that none of said charges shall be considered as advancements or charged against any of my children in settlement of my estate. Any accounts or claims which may be due to me at my death from my children are also to be cancelled.

"Item 8th. Subject to the foregoing provisions and charges and bequests, I give all the remainder and residue of my estate to my four children Guy S. Meek, Daniel C. Meek, Sarah Meek and Mary Meek in equal shares. In case of the death of any of said children without issue prior to my wife's death or the termination of said trust estate then his or her share shall go to the survivors but in case they shall leave issue then the share shall pass to and vest in such issue.

"Item 9th. I hereby nominate and appoint my two sons Guy S. Meek and Daniel C. Meek as executors of this my last will and testament hereby authorizing them to do any and all things necessary or proper in the settlement of my estate. I direct that they shall employ my friend Charles B. Hunt as their attorney in all legal matters connected with the settlement of said estate. I also direct that the cost of the bond which they may be required to give as such executors to be paid out of my estate."

By the third item of this will a direct bequest is made of the property in question to appellant for her use and benefit during her lifetime. This provision standing alone clearly vested in appellant a life estate in such property. It is well settled that a devise or bequest by which property is given to the beneficiary for his or her use and benefit for life or the income or use thereof is given without a devise or bequest of the property itself, vests a life estate in such property. **Weeks et al. v Thompson et al. 66 Oh Ap 1, 19 O. O. 277, 31 N. E. (2d) 454; Schwan v Meinert et al., 56 Oh Ap 336, 9 O. O. 402, 10 N. E. (2d) 951; Boettcher v Boettcher et al. 48 Oh Ap 319, 1 O. O. 487,** 193 N. E. 776, Schwartz v. Gehring et al., 11 C. C. 625, 6 C. D. 173; Dukes v. Dukes et al., 2 C. D. 676, 4 C. C. 507.

But it is claimed that the fact that the residuary estate, including the shares of stock in question, was charged with the furnishing of a home to testator's mother for life, of paying the income of ten such shares to his sister for life, of providing funds to complete his daughter's education, and of providing a home and support for the daughters, if unmarried, makes the wife the trustee of the residuary estate for the benefit of herself and the other said beneficiaries. Anyone who is authorized or obliged to pay another's money and to perform acts involving the expenditure of such money for certain beneficiaries is in a sense acting as a trustee, but that fact does not make him trustee within the meaning of §5366 GC. This section in defining the word "taxpayer", includes a fiduciary, which is defined as follows:

" 'Fiduciary' includes executors, administrators, parents, guardians, receivers, assignees, official custodians, factors, bailees, lessees, agents, attorneys and employes; but such term does not include trustees unless the sense requires that it shall do so."

This definition expressly excludes "trustees" without defining that term. Clearly, all of the persons included in the

definition of "fiduciary" perform some kind of trust; yet they obviously cannot be deemed trustees within the meaning of this statute. It is to be noted that this definition is not all inclusive since under this section "the commission (commissioner) shall have power by regulations to define and designate the taxpayer, as to any taxable property which would not otherwise be required by this section to be returned; and any such regulation shall be considered supplementary to the enumeration of kinds and classes of taxpayers".

An exception to a provision must be strictly construed and must be limited to those cases which are clearly within the provisions of the exception. **Bruner v Briggs, 39 Oh St 478.** Considering §5366 GC, as a whole, which evidences an intention to tax the property of everyone within the taxing power of the state, who is not expressly excepted from the provisions thereof or whose property is not expressly exempted by law from taxation, the Board is of the opinion that the term "trustee" as used therein, is limited to those who are recognized as trustees by the statutes of Ohio, who are authorized or obliged to pay money or deliver property of another to or on behalf of beneficiaries and who are required to make periodical accounts of their activities to the proper court and to be under the control and direction of the court in the performance of their trusts.

The question, therefore, arises whether the testator under his will intended to create a trust during the life of the appellant and to make her a trustee of such property within the meaning of §5366 GC. Appellant claims that the testator did so intend, and in making such contention relies upon the case of Schwan v Meinert, supra. In that case the main question was where the title vested during the lives of the beneficiaries. The Court pointed out there was no conveyance by the will of the property either to his beneficiaries or to the trustee designated in the will; that the testator expressly appointed a person to act as trustee to carry out the provisions of the will during the lives of the claimed life tenants and "to pay all doctor and hospital bills, medicines, nurses, funeral expenses required for either of my sisters, Mary and Sophia, and charge the same to and pay same from my estate", and that the testator by those words and in the naming of a trustee to act during the life of such beneficiaries, clearly intended to create a trust, and that while the gift of the entire income from property during life ordinarily implies a gift of a life estate in such property, the court held that since a trust and life estate cannot exist in the same property at the same time, legal title to the property vested in the trustees

"to be held in trust during the lives of the beneficiaries, such beneficiaries being entitled to the full use, enjoyment and income from all the property so held in trust" with power to use, enjoy, mortgage or sell any part of the estate. The court held that in no other way, under the circumstances in that case, could the intention of the testator, as clearly expressed in the will be given effect. In the present case there was an express gift of the title to the appellant for life. He named no one as trustee during her life, but was content to charge the life estate with the provisions for his mother, sister and daughter, thus obligating the appellant, upon her acceptance of the provisions of the will, to care for them as directed by the will. The will imposed no duty upon the executors or trustees in reference to any of the beneficiaries during the life of the appellant. A charge upon an estate devised or bequeathed does not create a trust. **Yearly et al. v Long et al., 40 Oh St 27.** See, also, **Nimmons v Westfall, 33 Oh St 213.** In the case of Lang v Everling, 3 Misc. 530, 23 N. Y. S. 329, the court held:

"Testator gave his wife all his property for life if she should remain his widow so long, no condition that she should, out of the income, maintain his children during minority, the will expressly stating that the devise was intended to be in lieu of her dower. Held not to create a trust estate for testator's children, but a life estate in the widow, 'charged' with the children's support, and that she had alienable estate and was an 'owner' * * .* ."

The Court said:

"A 'charge' upon land by will is distinguished from a 'trust' of the land, in that in the case of the former the land is devised generally for the beneficial enjoyment of the devisee, subject, however, to the payment by him of a specific or specific sums of money, or the performance of a particular duty, while the case of a 'trust' the devise is limited to some particular purpose, with no beneficial interest in the devisee."

The following is held in Hayes v Tabor, 41 N. H. 421:

"If land is devised to A and his heirs forever, upon the uses, trusts and conditions that A shall permit Mary and John to use, occupy and enjoy the same during their lives and the life of the survivor. * * *

"This devise conveys to A no estate in trust but an estate to a use merely;"

In the case of Re. Estate of Thomas, 17 Wash. (2d) 674, 136 Pac. (2d) 1017, the court held:

"No clear intention to create a trust is manifested by a will by which the testator gave all his property to his wife for life with a direction that the 'annual interest, rents and profits * * * be used to such an extent as is or may become necessary for the maintainance, support, board and clothing and as may be necessary to the comfort and well-being of my said wife,' and further directed his executor that in case a surplus should arise after paying for the wife's maintenance and support or from the collection of loans, accounts, or the sale of personalty, such surplus should be invested in the manner specified, and also enjoined the executor (to exercise a supervisory care over my estate consistent with my wife's life estate,' that the estate should be in no way encumbered or mortgaged, and that the executor should be paid a reasonable and fair compensation for his services performed as such executor, to be determined by the court—such provisions being susceptible of interpretation as an injunction to the wife to exercise economy and as indicating an expectation that the estate might remain under executorship for some time."

See, also, Day, Avery & Company v. Cox, 130 Ga. 537, 61 S. E. 121; Taylor v. Kemp, 86 Ga. 181, 12 S. E. 269; Holbrook v. Bentley, 32 Conn. 502; In re. McCready's Will, 25 N. Y. S. 512 (affirmed 263 N. Y. 61, 189 N. E. 718).

In the will here involved the testator clearly intended not to create any trust during the life of the appellant, for he stated in express terms when a trust was to be created; at which time, and not before, the trustees were to carry out the provisions of the will which had been made a charge upon the estate willed to the appellant for life. The Board can find nothing in this will by which the appellant was to act as trustee, and be required to make periodical accounts to the probate court and to be under the direction of said court in carrying out the provisions of the will during her lifetime. The Board, consequently, finds that appellant during the period here involved was not a trustee within the meaning of §5366 GC, and that the tax commissioner was correct in making the assessments in question.

It is therefore, considered and adjudged by the Board that the action of the tax commissioner herein complained of be, and the same hereby is, affirmed.