*F. P. Longley* and *E. S. Longley,* contra.

---

## WATKINS *et al.,* executors, *v.* GILMORE.

1. The assent of the executor to a devise of lands perfects the inchoate title of the devisee.
2. Where land is devised to one for life with remainder over to another, the executor's assent to the devise for life inures to the benefit of the remainderman, and at the termination of the life-estate the remainderman may take immediate possession of the property unless the will shows a different intention.
3. The assent of the executor "when once given is in general irrevocable, although the assets may prove insufficient to pay the debts."
4. Where, under the executor's assent to a devise for life with remainder over, the remainderman, after the death of the life-tenant, becomes entitled to the immediate possession of the land, such land is no longer any part of the estate of the testator nor subject to be sold to pay debts of such estate; and the ordinary has no power or jurisdiction to order the land sold as part of the estate. In such case, although the ordinary has granted an order of sale, the executor, having no title or right to the land, can not recover it from the remainderman or from a third party, whether the latter have good title or not.

Argued November 23, — Decided December 20, 1904.

Complaint for land. Before Judge Reagan. Butts superior court. August 16, 1904.

*Y. A. Wright* and *John R. L. Smith,* for plaintiffs, cited Civil Code, §§ 3081, 3316, 3357–9, 3450–1, 3457, 3460, 3875, 4630; *Ga. R.* 110/510; 108/356, 665; 79/179; 98/220; 68/753; 70/196; 56/444; 86/789; 61/381; 64/323; 2 Jarm. Wills, 828; 12 Am. & Eng. Enc. L. 1.

*Lane & Park* and *B. P. Bailey,* for defendant, cited Civil Code, § 3501; *Ga. R.* 29/549; 74/34; 75/285.

SIMMONS, C. J. In February, 1890, J. B. Watkins and S. J. Hale qualified as the executors of A. M. Watkins. By his will the testator had devised all of his property to his wife for life, and, after her death, to his children for life, with remainder over in fee to their children, the will providing that if any child should die without child or children, then his portion should go to the surviving children of the testator and the children of deceased

children.   The executors assented to the devise to the widow, and at her death assented to the devises to the children, dividing the land and making each child a deed to his or her part.   G. W. Watkins was one of the children, and took possession of a portion of the land under the assent and deed of the executors.   He was subsequently adjudged a bankrupt and his property sold, one of his brothers being the purchaser.   This brother sold the land to the defendant in error.   The executors, on their application, had in the mean time been discharged.   G. W. Watkins died, never having had any child or children, and the executors then applied for reappointment as executors.   They were reappointed by the ordinary in July, 1902.   They then applied to the ordinary for leave to sell certain lands, including those which had been assigned to G. W. Watkins, and the ordinary granted an order giving such leave, in September, 1902.   This order of sale recited that the lands reverted to the estate of the testator by the death of G. W. Watkins.   The executors then instituted suit against Gilmore, the defendant in error.   Upon the trial of the case the above facts were proved, and the trial judge granted a nonsuit.   To this the plaintiffs excepted.

1–3.  Under the facts above stated, we think the nonsuit was correct.   After the death of the widow, the first life-tenant, and the assent of the executors to the devise to the second life-tenant, G. W. Watkins, the latter's title to the life-estate became perfect.   This assent of the executors not only served to perfect the life-tenant's inchoate title to the life-estate, but inured to the benefit of the remaindermen provided for in the will.   The life-tenant having left no children, the remainder went to his brothers and sisters who were in life and to the children of his deceased brothers and sisters.   Upon his death these remaindermen were entitled to the immediate possession of the land.   The only exception to this rule is as provided in the Civil Code, § 3105, which declares:   " The assent of the executor to a legacy to the tenant for life inures to the benefit of the remainderman.   Remainderman, at the termination of the life-estate, may take possession immediately.   If, however, the will provides for a sale or other act to be done for the purpose of, or prior to, a division, the executor may recover possession for the purpose of executing the will."   In the will now under consideration there is no provision

for a sale by the executors, nor is there any hint that any other acts shall be done by them for the purpose of or prior to a division of the property. The assent of the executors perfected the inchoate title of the devisees. 2 Woerner's Am. Law of Adm. *993 ; Whorton v. Moragne, 62 Ala. 201; Lillard v. Reynolds, 3 Ired. Law, 366; Alexander v. Williams, 2 Hill (S. C.), 522; M'Mullin v. Brown, 2 Hill's Eq. 457; Lyon v. Vick, 14 Tenn. 42. The assent of the executors perfected the title of both the life-tenant and the remaindermen, and, at the termination of the life-estate, the remaindermen were entitled to take immediate possession. This assent "when once given is in general irrevocable, although the assets may prove insufficient to pay the debts." 2 Woerner's Am. Law of Adm. *993. By assenting to the devises the executors lost all control and interest in the land. If there were unpaid creditors, they might follow the land into the hands of the devisees or have their remedy against the executors personally for assenting to the devises before paying the debts. Ibid. It was argued here by counsel for the plaintiffs in error that the executors should recover, because a division was to be made at the death of the life-tenant. Doubtless a division was necessary; but the will does not provide that such division shall be made by the executors, but merely that the remaindermen shall take in equal shares. There is no intimation in the will that it is the duty of the executors to make the division among the remaindermen after the death of the life-tenants. The remaindermen became tenants in common, and the Civil Code (§ 4786) provides for a division of land held in common. Under this section the division may be had without any interference from the executors. On the whole case, to the present point of development, the decision in *McGlawn* v. *Lowe*, 74 *Ga.* 34, is direct and controlling authority. Under the ruling in that case it is clear that the executors can not recover, unless the case is changed by the fact that they had an order from the ordinary granting them leave to sell.

4. Does the ordinary's order to sell change the case? At the time the ordinary granted the order and recited therein that the land had reverted to the estate of the testator, the land had not reverted and was no part of the estate. The assent of the executors perfected the inchoate title of the devisees, and at the death

of G. W. Watkins the remaindermen had the right to take immediate possession.    This land was no part of the estate, and the order to sell it was void for want of jurisdiction.    Such order, being void, could be attacked anywhere and at any time.    The title to the land having passed out of the estate into the devisees, the executors have no right to recover it as part of the estate. The ordinary's order to sell can not give the estate any title to the land nor give the executors any right to recover it when it is no part of the estate.    Whorton v. Moragne, 62 Ala. 201.    That order may have adjudicated as against the world that it was necessary to sell land of the estate to pay debts or for distribution, but it did not vest in the estate the title to any land which was no part of the estate.    After the assent of the executors and the death of the life-tenant, the land in controversy was the property of the remaindermen, and the title vested in them as completely, as against the estate and the executors, as though it had never formed any part of the estate.    The order to sell the land as part of the estate could not change the title nor give the executors the right to recover land which was not part of the estate nor subject to sale by the executors to pay debts or for distribution.    Whether the defendant had title was immaterial.    The evidence of the plaintiffs showed an outstanding title in the remaindermen ; and the grant of the nonsuit was proper.

*Judgment affirmed.    All the Justices concur.*