### WILSON *et al. v.* DUMAS *et al.*

ATKINSON, J. Under the principles stated in *Watkins* v. *Gilmore*, 121 *Ga.* 488 (49 S. E. 598), the petition, as amended, in this case failed to allege such facts as would entitle the plaintiffs to any relief against the defendants, and was properly dismissed on demurrer.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*

Submitted June 24, 1907.—Decided February 8, 1908.

Equitable petition. Before Judge Reagan. Pike superior court. October 1, 1906.

E. G. N. Wilson and W. Z. Gardner, as executors of the estate of T. M. Cauthern, deceased, on August 21, 1906, filed an equitable petition against O. A. Dumas, Sarah Osborne, and the Citizens Bank of Barnesville, which, with amendments, alleged: T. M. Cauthern died in 1885, bequeathing his "home place" to his wife and to his daughter, Elizabeth Rebecca, for life, the one life-tenant surviving the other to succeed to her share and hold until death; the will further providing that in case the daughter, Elizabeth Rebecca, died "without heirs," then the property should vest in two other daughters of the testator, Mrs. Wilson and Mrs. Gardner, as remaindermen. The wife died about the year 1904 and Elizabeth Rebecca died on January 7, 1906, leaving "no heirs." Before her death, Elizabeth Rebecca had rented the property to the defendant O. A. Dumas for the year 1906, for 2,500 pounds of lint-cotton, payable in equal quantities on the 1st days of October and November "after date," respectively. She took Dumas' rent note to this effect, payable to herself or bearer, and transferred it in writing, not dated, to the defendant, Mrs. Sarah Osborne, who transferred it to the defendant, the Citizens Bank of Barnesville. The life-tenant, Elizabeth Rebecca, died before the crops for the

year 1906 were sown, and consequently the remaindermen were entitled to the emblements. The defendants, Mrs. Sarah Osborne and the Citizens Bank, took the note as transferees with full knowledge of the plaintiff's rights. It is prayed that title to the property be decreed to be in the remaindermen, Mrs. Wilson and Mrs. Gardner; that the rents, issues, and profits be decreed to follow the corpus; that the defendants, Mrs. Osborne and the Citizens Bank, be restrained from collecting the rents, issues, and profits of the land, or interfering in any way with the land; and for other relief. It was admitted that the defendant Dumas was entitled to the possession of the land under his contract of rental with the life-tenant. However, process was prayed against him, and he appeared and filed a general demurrer on the grounds, (1) that no cause of action was set forth, entitling the petitioners to recover against him either the premises or a judgment for the rents; and (2) that the suit was filed before the rent was due, before the crop had matured, and before his lease had expired; and consequently he prayed that the suit be dismissed as against him. The defendant, the Citizens Bank, also filed a general demurrer and prayed that the suit be dismissed as to it, on the grounds, that the petition showed no reason why such defendant should be restrained from collecting the rent note of the defendant Dumas, and further that the defendant was solvent. Both demurrers were sustained, which rulings only are sought to be reviewed by this writ of error.

*E. C. Armistead,* for plaintiffs.

*J. F. Redding* and *E. A. Stephens,* for defendants.