*W. T. Davidson,* for plaintiff. *John P. Ross,* for defendant.

---

DAY, AVERY & COMPANY *v.* COX, executor.

LUMPKIN, J. 1. A testatrix by her will devised to her husband a life-estate in certain lands, and provided that he should control and have possession thereof until his death, for his support and maintenance, free from any debts, judgments, or incumbrances against him, in order that he might protect, care for, and support himself and his daughter. The husband was appointed executor. An execution against the hus-

band was levied on a life-estate in the land, and a claim was interposed by him as executor of his deceased wife. A year had not elapsed after the qualification of the executor. The case was submitted on an agreed statement of facts, in which it was stated that the husband and the daughter had been living on the land since the death of the testatrix, and were so living at the time of the trial. *Held,* that the will created no trust in the executor as such, in regard to the life-estate. His duty was only that of administering the property under the will.

2. It is not decided whether or not, in the light of the entire will, the life-estate was charged with the support of the daughter, and a precatory trust created in her favor. If any such trust was created, the husband individually, and not as executor, was the trustee.

3. It not appearing that there were any debts of the estate requiring the administration of the land for their payment, and it being agreed that the husband and the daughter had been living upon it from the time of the death of the testatrix, and so remained at the time of the trial, although the year allowed to administrators and executors for winding up estates had not elapsed, in the absence of anything else on this subject, it was a question for the jury to determine whether the executor had not assented to the legacy, and had not delivered the property to the legatee or legatees. If he had done so, and his power over it as executor had terminated, he had no further authority to interpose a claim in his representative capacity, so as to prevent it from being subjected to a debt due by him as an individual. If there had been an assent to the legacy and a delivery of the property to the legatee or legatees, whether the estate of the husband was subject to levy under an execution against him was not a question which the executor as such could raise.

4. Under the facts set forth in the first headnote above, it was error for the presiding judge to direct a verdict in favor of the claimant.

*Judgment reversed. All the Justices concur.*

Submitted January 13,—Decided April 16, 1908.

Levy and claim. Before Judge Brand. Walton superior court. May 13, 1907.

*Napier & Cox,* for plaintiff. *J. W. Arnold,* contra.