MOORE *v.* TURNER *et al.; et vice versa.*

HILL, J. 1. The will of A. A. Neal was as follows: "It is my will that after my death my wife, Scott F. Neal, shall have full use and control of all of my property during her lifetime. At her death it is to be divided equally between my children who may then be living; and should any of them have died, his or her share to revert to their children. Should any of my children die without issue, I will that their interest in my estate to [go?] to those of my children who may be alive, or to their heirs, if dead. I appoint my son, Ben A. Neal, and son-in-law, M. W. Turner, as the executors of my will." The executors caused the will to be probated, assented to the legacy, and permitted the·life-tenant to take the property (222 acres of land) devised. *Held,* that the assent to the legacy to the life-tenant inured to the benefit of the remaindermen and perfected their title. *Watkins* v. *Gilmore,* 121 *Ga.* 488 (49 S. E. 598) ; *Almand* v. *Almand,* 141 *Ga.* 372 (2) (81 S. E. 228). See Civil Code, §§ 3895 et seq.

(*a*) Accordingly, a sale of the land by the executors, subsequently to the death of the life-tenant, under order from the ordinary, was void and passed no title to the purchaser.

    (*b*) Under the facts the court did not err in directing a verdict for the plaintiffs (defendants in error) for one sixth of the land and mesne profits, the testator, having left five living children, and the plaintiffs being minor children of a sixth (deceased) child of the testator.

2. The widow of A. A. Neal died after his death, leaving a will, the material portions of which are as follows: "Item 3. I will that my farm of one hundred and seventy (170) acres of land lying in Wilkes County, Georgia, be divided into four (4) equal shares, one share to go to my son Ben A. Neal, one share to my son Sam F. Neal, one share to my daughter Rebecca Neal, and one share to the children of my daughter Lula, whose names are Julia Turner and Lucy Turner. I will that the father of my said grandchildren, M. W. Turner, if he survives me, be appointed guardian of the property I leave to my said grandchildren; and said guardian, whoever he may be, shall keep the corpus of the property I leave to said grandchildren intact until they become twenty-one years of age; then the property to be turned over to them to be used by them as they see fit. Item 4. Should the children mentioned in item 3 of this will, and the guardian of my said grandchildren mentioned in item three of this will, deem it advisable to sell said land in order to make a better and more equitable division of said property between them, they are to have the privilege of doing so, and the said guardian is to represent my said grandchildren in said sale and in the division of the proceeds of the same. But said guardian is directed to keep the corpus of the principal of the money received from the sale for said grandchildren intact, as heretofore directed. . . Item 6. I do hereby appoint my son, Ben A. Neal, executor of this my will; and I direct that he carry out the provisions of this will without making a report of any kind to any court, and without being required to give a bond of any kind, having implicit confidence in his integrity and business judgment and knowing that he will fairly and honestly carry out the provisions of this will. I do not require him to make a report of any kind to any court, or to give a bond of any kind for the faithful and honest performance of the provisions of this will. I also direct that the division of my property referred to in item three and item four of this will be made without obtaining any order from any court." The named executor joined in a deed with the other adult devisees, and with the named guardian of the minors, in conveying the land in controversy by private sale to one of the adult devisees, who conveyed to a predecessor in title of the plaintiff in error. *Held:*

(*a*) The power in the will to the executor and guardian to sell the land conferred on them only such power as the ordinary of the county could confer to sell upon application, and dispensed with the necessity of such order from the ordinary. But all other requirements in order to make the same valid remained the same as in cases of public sales. See *Neal* v. *Patten*, 40 *Ga.* 363 (3), 370; Civil Code, § 4620.

(*b*) The will devised the land in controversy to the three adults and the two minors named as tenants in common. The power to sell was conferred on the executor and guardian to sell, but there is nothing to indicate the manner of sale; and in accordance with the foregoing rul-

ing, a private sale by the three adult devisees and the guardian of the two minors was void. The court did not err in directing a verdict for the minor heirs for a one-fourth interest in the land in controversy, together with mesne profits. No question of prescription is involved in this case.

*Judgment affirmed on main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur, except Fish, C. J., absent.*

Nos. 430, 440. MAY 14, 1918.

Complaint for land. Before Judge Walker. Wilkes superior court. May 8, 1917.

*Moore & Pomeroy, Charles E. Cotterill,* and *J. M. Pitner,* for plaintiff in error in main bill of exceptions.

*Samuel H. Sibley,* contra. ·