## McNAIR *et al.* v. RABUN, next friend.

1. Where a widow accepts a provision given her in the will of her husband in lieu of dower and year's support, and also accepts a devise of land given to her with remainder to another, the executor of the will of the husband having assented to both legacies, the widow would not be barred from applying for and having set aside to her a year's support embracing the property so disposed of by testator in his will, by her election to take the provision so given her in lieu of dower and year's support, and by her acceptance of the land devised to her for life with remainder to another, when her election was made in ignorance of the fact that the estate of testator was insolvent, the effect of which would be to subject to the payment of the debts of testator the property given her in said legacies.

2. While the assent of the executor to the devise of the land to the widow for life, with remainder over, inured to the benefit of the remainderman, and vested the title in the remainderman, such title was divestible so as to entitle the widow to her year's support, when it afterwards developed that her election to accept the provision in lieu of dower and year's support was made in ignorance of the insolvency of the estate.

3. Under these circumstances, the court of ordinary had jurisdiction to set apart to the widow a year's support out of the estate of her husband, and the judgment of that court setting apart the same was not void for want of jurisdiction.

4. Where the administrator with the will annexed filed his caveat to the return of the appraisers setting aside a year's support to the widow, in which he set up the facts upon which the plaintiffs now rely to defeat the widow's year's support, and where the caveat was overruled by the court of ordinary, whereupon the administrator appealed the case to the superior court, in which a jury rendered a verdict finding against this ground of such caveat, upon which judgment was duly entered, giving the widow a year's support, the administrator in filing such caveat and in making such defense to the application for year's support represented these plaintiffs, and they are bound by the judgment of the superior court.

26

5. The widow was not barred by the decree rendered in a case brought by minor remaindermen by their next friend, to enjoin her from cutting the timber on the land devised to her for life with remainder over, in which she was perpetually enjoined from so cutting said timber, from having set apart to her a year's support out of the land on which such timber was located, the subject-matters of the two suits being different.

6. Under the facts of this case, the plaintiffs do not fall within the class of persons whose rights are protected under section 5251 of the Code of 1910. The provision, that "the rights of third persons acting bona fide upon her election shall not be disturbed or prejudiced," does not embrace legatees. Nor does the fact that remaindermen expend money in paying counsel to assert their rights as such under the will bring them within this provision.

7. Applying the above principles, the court erred in granting an injunction.

No. 4327.　December 19, 1924.

Injunction. Before Judge Hardeman. Jefferson superior court. March 20, 1924.

John P. Rabun, as next friend of Marion Pauline, Samuel David, Marvin Ranse, and Charlie Carlton McNair, minor children of R. C. McNair, filed his petition for injunction and relief against Lizzie McNair and J. A. Wren, and made this case: S. M. McNair, deceased, by his will devised to Lizzie McNair, his widow, for and during her life, a described tract of land, with remainder to the minor children above named. Said land embraced approximately 100,000 feet of timber, which constitutes a large part of its value. Lizzie McNair is having this timber cut and sold, and to this end J. A. Wren is operating a sawmill on said land, and is cutting said timber. They have cut about 75,000 feet and are preparing to move it away. Cutting said timber constitutes waste as against plaintiffs, and considerably reduces the value of said property. By reason of said waste the life-tenant has forfeited her life-estate in said land. Plaintiffs prayed that the defendants be enjoined from cutting said timber and removing that already cut, that forfeiture of the life-estate be declared, so title should vest immediately in them, and that the defendants account to them for any of the timber or lumber removed from said premises.

The defendants answered the petition, alleging that the testator died on March 20, 1920; that his will was probated on April 5, 1920; that R. C. McNair, appointed executor in the will, acted as executor until his death in August, 1920; that Fred J. Howard was appointed and qualified as administrator de bonis non cum

testamento annexo, and acted as such until his discharge on February 4, 1924; that on November 2, 1922, Lizzie McNair applied to the court of ordinary for a year's support out of the estate of her husband; that notice of her application was duly given to said administrator; that appraisers were appointed to set aside the same to applicant; that on November 6, 1922, the appraisers set apart to her a year's support, including the lands described in plaintiffs' petition, with other property; that Howard, as administrator, filed his caveat to the return of the appraisers, and the issue thus made was heard at the January term, 1923, of the court of ordinary; that after hearing evidence the ordinary approved and admitted to record the return of the appraisers; that Howard, as administrator, appealed to a jury in the superior court of said county, and said case came on for a hearing at the May term, 1923, when a jury returned a verdict in favor of the return of the appraisers, and on May 17, 1923, a judgment was entered on said verdict by the judge of said court, setting apart said year's support, which included the land involved in this case. By virtue of the foregoing facts Lizzie McNair is seized and possessed of said lands in fee simple, and plaintiffs have no interest whatever in them. While defendants contend that the title to said land was in the estate at the time it was set apart to applicant for a year's support and is rightfully her property, in order to remove any possible cloud upon the title of Lizzie McNair by reason of item 5 of the will, and the claim of plaintiffs based thereon, Lizzie McNair makes this her cross-action against plaintiffs, and prays the court for a judgment decreeing the title to said land to be in her. The defendants further alleged that it has been solemnly adjudicated by the court of ordinary and the superior court that Lizzie McNair is entitled to a year's support out of the estate of her husband, including the land described in plaintiffs' petition, that her claim for a year's support is of the highest priority and dignity, and that she is entitled in equity to have said land impressed with all the qualities of a year's support, the estate being wholly insolvent and insufficient to pay the outstanding debts of testator. Plaintiffs, being mere legatees, have no right or interest in said land superior to her claim to a year's support. The administrator of said estate was discharged after having fully administered the same, and when the estate owed liabilities of more than $15,000 which were unpaid.

Said tract of land was delivered to Lizzie McNair, as a part of the year's support, by the administrator in obedience to said judgments setting aside the same. The widow prayed that the fee-simple title to said land be decreed to be in her.

On the hearing of the application for injunction, the plaintiffs introduced the following evidence: M. C. Barwick testified that he was the attorney of John P. Rabun, as next friend of the children of R. C. McNair in the injunction proceeding brought by them against Elizabeth McNair; and that his fee was $50, which was paid by said Rabun for said children. G. C. Anderson testified that he acted as attorney for R. C. McNair, executor of the will of S. M. McNair; that Judge Phillips acted as the personal attorney of Elizabeth McNair, and was present when the appraisers made their appraisement, and took an active part in the work; that the appraisement shows the correct assets of said estate and all debts due by S. M. McNair; that after the year's support was carved out, said estate proved to be insolvent; that the same, in his opinion, would have been solvent, had said year's support not been carved out; that it was considerably less after 1920 than during that year, the difference being caused solely by shrinkage in value due to the panic in the fall of 1920 and in 1921, which panic also caused the insolvency of a number of debtors of the estate of S. M. McNair; that said executor assented to the legacies under the will of S. M. McNair to Elizabeth McNair, and she took possession under such assent with full knowledge on the part of her attorney of what her estate consisted and the debts due by the estate; that he was attorney for Fred J. Howard in preparing the caveat to the year's support; and that Howard read over the caveat, knew its contents, assented to them, and was active in the fight to defeat the proceedings based thereon.

Plaintiffs introduced a copy of a suit filed by Elizabeth McNair against J. P. Rabun as administrator, in the city court of Louisville, returnable to the July quarterly term, 1922, together with the verdict of the jury thereon. In this suit plaintiff alleged that she was the widow of S. M. McNair, whose will had been legally probated in solemn form; that under item 4 thereof testator devised to her certain lands and that she accepted said lands, with the consent of the executor, in settlement of her dower and year's support; that Ranse McNair cultivated said lands during 1920,

the rents of which belonged to her; and she prayed for judgment against said Rabun, as administrator of Ranse McNair, in the sum of $666, with interest from October 1, 1920, for such rents. A verdict in said case was rendered in favor of plaintiff. Plaintiffs also introduced the will of S. M. McNair. By the third item thereof, the testator devised to his wife, in lieu of a year's support and dower, or any other interest she might have in his estate, all of his household and kitchen furniture of every sort whatever. By the fourth item he devised to his wife, in lieu of a year's support and dower, or any other interest she might have in his estate, a certain described tract of land, containing 240 acres, known as the Nanie Ellis place. By the fifth item testator devised to his wife a tract of land, the timber on which is involved in this suit, for and during her natural life with remainder over at her death to his brother, R. C. McNair, if living, and if he were dead leaving child or children, to such child or children, who were to take per stirpes in lieu of their deceased parent.

The defendant, Elizabeth McNair, testified: I am the widow of S. M. McNair. Am familiar with the tract of land described in the first paragraph of plaintiffs' petition and the property set apart as a year's support to me. The tract described in plaintiffs' petition is the same as that set apart in my year's support. The home of testator, at the time of his death, was located on said tract of land, and I have resided there since his death. When the year's support was granted to me by the court, Fred J. Howard, as administrator, turned over to me the tract of land as a part of my year's support, along with other properties embraced in the year's support, and I have held the same as my year's support by virtue of the decision of the court. After the death of my husband I was ignorant of the condition of the estate, and did not know that the same was insolvent. The property given to me in lieu of year's support is not the land on which this timber in dispute is situated. I was led to believe by the administrator, his attorney, and others interested as legatees that said estate was absolutely solvent, and for a while, acting under such belief, I decided to accept the property given me in the will in lieu of a year's support, but afterwards I discovered that the estate was insolvent; and one of the tracts given me in the will was levied on by creditors of the estate, who had obtained a judgment against the administrator, and

the land was about to be sold for the debts of the estate. Upon the discovery that the estate was wholly insolvent and that I had been misled as to its true condition, I repudiated my former election to take the property given me in the will as a year's support, and within a reasonable length of time made application to the court of ordinary for a statutory year's support. Had I known the estate was insolvent, I would never have elected to take the year's support given me under the will.

Fred J. Howard, administrator, testified that he fully administered the estate and was discharged on February 4, 1924; that the estate was insolvent and unable to pay its creditors by more than $15,000; that testator lived on the tract of land, the timber of which is in dispute, at the time of his death, and his widow has resided thereon and been in possession thereof since his death; that after the grant of her year's support he turned over to her the tract of land in question as a part of the year's support; that the timber thereon constitutes only a small portion of its value; that he never assented to the special legacy contained in the fifth item of the will of testator, nor to the legacies given the widow in lieu of year's support and dower; that during the lifetime of R. C. McNair witness kept the records of the estate of S. M. McNair for the executor, and is familiar with the executor's acts and conduct; that said executor did not assent to said legacy; that just after he became administrator he advised Mrs. McNair that the estate was solvent, in ignorance of its true condition.

The defendant introduced in evidence a copy of the application for year's support, the order appointing the appraisers to set aside the same, their return, the caveat filed thereto, the order of the ordinary approving the return, the appeal to the superior court, the verdict of the jury finding in favor of said year's support, and the decree of the court based on said verdict, setting aside the same. One of the grounds of caveat was that Lizzie McNair, with full knowledge of the condition of the estate, accepted the legacy given her in lieu of dower and year's support. The defendants introduced a copy of the petition brought by John P. Rabun, as next friend of the minor children of R. C. McNair, against Lizzie McNair and P. K. Wren, seeking to enjoin defendants from cutting and removing the timber on the tract devised by item 5 of the will to the widow for life. This petition was filed on March 1, 1921. The

defendants answered the same. The case was tried, and a verdict was rendered in favor of plaintiffs, on which verdict judgment was rendered on May 19, 1921, enjoining Lizzie McNair and P. K. Wren from cutting and removing the timber on said tract of land.

On the hearing of the application for temporary injunction in this case, the judge "ordered that in the event the two defendants, Mrs. Lizzie McNair and J. A. Wren, enter into a bond, payable to plaintiffs, in the sum of twenty-five hundred dollars, conditioned to pay the plaintiffs whatever sum may be finally determined that they are entitled to recover, if any, because of the cutting and removing of the timber from the lands in controversy, . . then the interlocutory injunction will be denied and the temporary restraining order heretofore granted dissolved. Upon failure to execute and file said bond as above stated, that the restraining order be continued in force and the defendants be enjoined and restrained from committing any of the acts complained of in the petition until the further order of the court." The defendants elected not to give bond, and excepted to the judgment of the court enjoining them as stated, because, under the undisputed facts in the case, the plaintiffs have no interest in the land or the timber in controversy, and the court had no facts on which to exercise discretion.

*R. G. Price* and *Roy V. Harris,* for plaintiffs in error.

*M. C. Barwick* and *Hardeman & Hardeman,* contra.

HINES, J. (After stating the foregoing facts.)

1. A widow is entitled to a year's support out of the estate of her husband, dying testate or intestate, and leaving an estate solvent or insolvent; and such year's support is "to be preferred before all other debts, except as otherwise specially provided." Civil Code (1910), § 4041. The husband can make no disposition of his property by will which will defeat the year's support of his widow. This is so even where the husband in his will gives to his widow a life-estate in all his property, real and personal. *Kinard* v. *Clay,* 138 *Ga.* 544 (75 S. E. 636) ; *Chambliss* v. *Bolton,* 146 *Ga.* 734 (92 S. E. 204). It is true that a testator may, by his will, make provision in lieu of year's support; and where such provision is accepted by the wife after the husband's death, her year's support will thereby be barred. *Bass* v. *Douglas,* 150 *Ga.* 678 (104 S. E. 625). Where a husband makes provision in his will in lieu of a year's

support to which his widow is entitled, the election of the widow to take such provision or to apply for a statutory year's support is governed by the same rules which regulate her election of dower. Civil Code (1910), § 4045. An election by the widow to take a child's part in realty, in ignorance of the condition of the estate or of any fact material to her interest, does not bar her right to dower, unless the rights of third persons, acting bona fide upon her election, are disturbed or prejudiced. Civil Code (1910), § 5251; *Tooke* v. *Hardeman, 7 Ga.* 20. "If she elect between dower and a provision in lieu thereof or a child's part of the realty in ignorance of the condition of the estate, she is not bound thereby, unless such election of dower would have the effect of prejudicing or disturbing rights acquired bona fide by third persons in consequence thereof." *Austell* v. *Swann,* 74 *Ga.* 278. So if the testator makes provision for his widow in lieu of year's support, and she elects to take such provision in lieu of such support, she is not bound by such election, if made in ignorance of the condition of his estate or of any other fact material to her interest. In the instant case, it appears from the undisputed evidence that the estate of testator was insolvent at the time of his death, or became so afterwards. The cause of the insolvency, according to the contention of plaintiffs, was due to carving out of the estate the year's support granted to the widow, and by a slump in the value of the real estate of decedent. Anyway, the estate failed to pay the debts due by testator by the large amount of $15,000. The fair inference to be drawn from the evidence is that the estate was insolvent when the testator died and at the time the widow elected to take the testamentary provision in lieu of a year's support, and that this election was made in ignorance of the fact that the estate was insolvent. This being so, the widow was not bound by her election from afterwards applying for a year's support out of the estate of testator.

2. But the plaintiffs contend that the title to the tract of land, on which the timber involved in this litigation is situated, had passed out of the estate of testator and had vested, by assent of the executor to the legacy, in the life-tenant for life and into them as remaindermen; and that for this reason the court of ordinary was without authority and jurisdiction to set aside a year's support in this land to the widow. In passing upon this contention it is to be borne in mind that this tract of land did not constitute a portion

of the property which the testator devised to his wife in lieu of a year's support and dower. Under the fifth item of the will, this tract was devised to the wife for and during her natural life, with remainder over at her death to testator's brother, R. C. McNair, if living, and if he were dead leaving child or children, to such child or children, who were to take per stirpes in lieu of their deceased parent. It is true that the assent by the executor to the legacy bequeathed to the life-tenant inured to the benefit of the remaindermen. Civil Code (1910), § 3895; *Watkins* v. *Gilmore,* 121 *Ga.* 488 (2) (49 S. E. 598); *Toombs* v. *Spratlin,* 127 *Ga.* 766 (4) (57 S. E. 59); *Almand* v. *Almand,* 141 *Ga.* 372 (2) (81 S. E. 228); *Moore* v. *Turner,* 148 *Ga.* 77 (95 S. E. 965). Generally the assent of the executor to a legacy in land or other property is irrevocable; and after the assent has been given and the inchoate title of the devisees has been thus perfected, the property so devised is no longer a part of the estate and can not be sold by the executor under an order of the court of ordinary authorizing its sale, because such order is void for want of jurisdiction. *Watkins* v. *Gilmore, Moore* v. *Turner,* supra. In such a case, if the assets of the estate are insufficient to pay debts, the creditors of the estate can follow the property devised into the hands of devisees and subject it to the payment of their claims. By analogy it is sought to apply this principle to bar a widow from having set aside to her a year's support in land devised to her for life, with remainder over, where other property had been given her by her husband by his will in lieu of dower and year's support, and when she had elected to take such devise in lieu thereof, in ignorance of the fact that the estate was insolvent, which rendered the legacies worthless. We do not think that this state of facts would deprive the court of ordinary of jurisdiction to set apart to the widow a year's support, nor do we think that the judgment of the court of ordinary setting apart the same would be void for lack of jurisdiction. While the Code declares that a year's support is "to be preferred before all other debts," the claim of a widow to such support out of the estate of her deceased husband is not, strictly speaking, a debt due her by the estate. It is an "incumbrance higher than any debt." *Barron* v. *Burney,* 38 *Ga.* 264, 269; *Goss* v. *Harris,* 117 *Ga.* 345, 347 (43 S. E. 734). "The provision for year's support is a branch of the statute of distributions, and the persons entitled to it are just as

much and as absolutely entitled as they are, in case of intestacy, to a distributive share of the residue after the year's support is deducted and all debts are paid. It is a branch of the statute of distributions, and prescribes how the estate of a deceased person, to this extent, is to be disposed of. Creditors are left out, and adult children are left out, until this much of the estate is withdrawn from it; then they are admitted for participation in the balance. They have no right to anything except by the statute of distributions." *Farris* v. *Battle,* 80 *Ga.* 187 (7 S. E. 262); *Phelps* v. *Daniel,* 86 *Ga.* 363, 366 (12 S. E. 584); *Swain* v. *Stewart,* 98 *Ga.* 366 (25 S. E. 831); *Jones* v. *Cooner,* 142 *Ga.* 127, 129 (82 S. E. 445). The claim of a widow is likewise superior to legacies given by her husband in his will. *Kinard* v. *Clay, Chambliss* v. *Bolton,* supra.

As soon as the husband dies, whether testate or intestate, his widow acquires, by the statute of distributions, a vested interest in his estate for a year's support, which interest is superior to all claims of creditors, legatees, or adult children of the deceased. "Whenever a right by law has attached by reason of widowhood, there must be some law by which it is divested, or it will remain." *Swain* v. *Stewart,* supra. This vested interest to a year's support in the estate of her husband is not defeated where she elects to take property given her by him in his will in lieu of a year's support and dower, where her election is made in ignorance of the fact that the estate is insolvent and the property so given to her will be swept away in order to pay the debts of the testator. Such ineffectual election will not bar the widow from afterwards having set aside a year's support in the property so expressly given to her in lieu of year's support and dower, and in other land devised by the testator to her for life with remainder to others. While the assent of the executor to the legacy bequeathed to the life-tenant inured to the benefit of the remaindermen and vested the title to the property in the life-tenant and remaindermen, such vesting of the title was defeasible by reason of the fact that the election of the widow to take property given her by her husband in his will in lieu of a year's support was in ignorance of the insolvency of his estate, and such devise proved to be wholly ineffectual to afford her such support. Being still entitled to a year's support, the court of ordinary had jurisdiction to have such year's support set apart to

the widow in the property so bequeathed to her for life, with remainder over. Civil Code (1910), § 4041. When such property was so set apart, the title thereto vested in the widow. Civil Code (1910), § 4044. The life-estate of the widow in this land under this devise was thus merged into a legal estate in fee. *Lowe* v. *Webb*, 85 *Ga.* 731 (11 S. E. 845) ; *Goodell* v. *Hall*, 112 *Ga.* 435 (37 S. E. 725). The title to this land which vested in the remaindermen by the assent of the executor to the legacy to the wife for life was thus divested and defeated by the judgment of the court of ordinary setting apart this land to her as a year's support; and the judgment of the court of ordinary so setting apart said year's support was not void for lack of jurisdiction. A contrary holding would wholly defeat the widow's right to such support in case of a fruitless election.

3, 4. As we have seen, the court of ordinary has exclusive jurisdiction in setting apart to a widow a year's support out of the estate of her husband who died testate or intestate; and such year's support is superior to any claim of legatees under his will. When the widow applied for a year's support and the appraisers made their return awarding to her the same, embracing the land on which the timber in dispute is located, the administrator caveated said return. Among other grounds of caveat, he set up that the husband in his will had given the widow certain property in lieu of a year's support and dower, to which legacy the executor had assented; that, with full knowledge of the condition of the estate, the widow accepted in lieu of dower and year's support all the property bequeathed to her in lieu of these claims; that she had enjoyed the profits thereof ever since the death of testator; and that with such knowledge she had accepted from the executor the land on which the timber in question was located, and which had been devised to her for life, with remainder over to plaintiffs; that she took possession thereof, had received the rents and profits thereof for the years 1920, 1921, and 1922, and had lived upon the same. On the hearing the court of ordinary found against all grounds of caveat, and made the return of the appraisers the judgment of the court. The administrator appealed to the superior court, in which a jury found in favor of the widow. Judgment was thereupon rendered, making the return of the appraisers the judgment of that court. In that proceeding the administrator with the will annexed represented

the plaintiffs in the instant case. Both the court of ordinary and the superior court had jurisdiction to determine whether the widow was entitled to a year's support in the land on which this timber was located, and the question whether the widow was debarred from claiming a year's support in this land because of her acceptance of the legacies given her in the will of her husband. It was likewise a question for determination by these courts whether the widow accepted the legacies given in lieu of dower and year's support in ignorance of the insolvency of the estate at the time she made her election. Both courts having jurisdiction of the subject-matter and both having decided in favor of the right of the widow to this year's support, we think the plaintiffs are concluded by this judgment, the same not being void for want of jurisdiction in either court. Plaintiffs can not now reopen the question whether the widow's election to accept the testamentary provision in lieu of her year's support was made in ignorance of the condition of the estate, or whether it was made with knowledge of the condition of the estate. This question was made and decided against them both in the court of ordinary and in the superior court; and they are now estopped to have the question again decided in this proceeding.

5. The plaintiffs further insist that the widow is barred by the decree rendered in the case brought in the superior court by Rabun as next friend for these minor children, to enjoin her from cutting the timber on this land, in which case a judgment perpetually enjoining her from so doing was rendered. In that case the plaintiffs were asserting title to this land as remaindermen, and the widow was setting up title thereto for life under the legacy in the will hereinbefore set out. In that case it was adjudged to be a waste by the life-tenant to cut the timber; and this being so, she was perpetually enjoined as a life-tenant from cutting it. At that time she had not applied for a year's support, and none had been set aside to her, embracing this land. The subject-matter of that suit was not the same as the subject-matter of this suit. In that suit it was adjudged that the widow, as a life-tenant, had no right to cut and remove this timber. The judgment in that suit, to be binding upon the widow in this suit, must have been an adjudication of the same subject-matter. Civil Code (1910), § 4335. A judgment is conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might

have been put in issue in the cause wherein the judgment was rendered. Civil Code (1910), § 4336. The right of the widow to a year's support was not put in issue and could not have been put in issue in that case. The subject-matters of the two suits are different. Therefore the judgment in the former case is not binding upon the widow in this case.

6. The plaintiffs next insist that the widow's election to take the provision given her in the will in lieu of her year's support bars· her right to such support, because their rights as remaindermen will be prejudiced by her now having such support set apart in this land. By making her election in this matter, even where she does so in ignorance of the condition of the estate, or of some fact material to her interest, the widow will be barred, if "the rights of third persons acting bona fide upon her election" will "be disturbed or prejudiced." Civil Code (1910), § 5251. Legatees do not fall within the class of persons designated in this section. The fact that their legacies will be destroyed by setting aside to the widow a year's support is not sufficient to bar the widow. This section refers to purchasers and others, who for value and in good faith acquire title or some interest in the property of the estate, sought to be set aside as a year's support. Nor does the fact that the legatees, while the widow claimed this land as life-tenant and they claimed it as remaindermen, under the will of the testator, paid counsel to bring a proceeding to enjoin the widow as life-tenant from cutting the timber on this land, in which they were successful, bring them within this class of persons.

7. In view of the rulings above made, we think that the trial judge erred in granting the injunction, and that his judgment should be reversed.

*Judgment reversed. All the Justices concur, except*

BECK, P. J., dissenting. I am of the opinion that the court did not err in granting the injunction complained of. The plaintiffs in error could proceed with the cutting of the timber upon giving the bond, and the final adjudication will determine the rights of the parties. The land in question was devised under item 5 of the will of S. M. McNair, and gave to Mrs. Lizzie McNair, one of the plaintiffs in error, a life-estate in the lands in controversy, with the remainder over to the minor children of R. C. McNair, who bring this petition for injunction by their next friend. In other items

in the will the testator devised to his wife, Mrs. Lizzie McNair, other property, realty and personalty, expressly in lieu of dower and year's support. There is evidence in the record authorizing the court to find that Mrs. McNair had accepted the property thus devised in lieu of dower and year's support, under the terms of the will. She contends, to avoid the effect of the acceptance of this property under the will, that she accepted it in ignorance of the fact that the estate was insolvent. This contention is put in issue by other evidence in the case, and there is also evidence to the effect that the estate was not insolvent at the time of the acceptance. That she accepted the real estate devised to her by the will is shown by the fact that, asserting title to it, she had litigated with one of these children of R. C. McNair. There is evidence tending to show, and the court was authorized to find that it was a fact, that the executor of the last will and testament of S. M. McNair had assented to the devise of the lands in controversy to Mrs. McNair for life, and the assent to the devise for life, if given, would inure to the benefit of the remaindermen. Civil Code, § 3681. And the assent of the executor perfected the inchoate title of the devisees, the remaindermen, the children of R. C. McNair. It perfected the title of both the life-tenant and the remaindermen; and in consequence of that assent, if upon the trial of the case it shall be found that the assent was actually given, the executor lost all control and interest in the land. *Watkins* v. *Gilmore,* 121 *Ga.* 488 (supra). After the title of the devisees, the remaindermen, was perfected by the assent, the land was not such a part of the estate of the testator that his widow could have it set apart to her as a part of the year's support. "The title to the land having passed out of the estate into the devisees, the executors have no right to recover it as a part of the estate. The ordinary's order to sell can not give the estate any title to the land nor give the executors any right to recover it when it is no part of the estate. Whorton *v.* Moragne, 62 Ala. 201. That order may have adjudicated as against the world that it was necessary to sell land of the estate to pay debts or for distribution, but it did not vest in the estate the title to any land which was no part of the estate. After the assent of the executors and the death of the life-tenant, the land in controversy was the property of the remaindermen, and the title vested in them as completely, as against the estate and the

executors, as though it had never formed any part of the estate. The order to sell the land as part of the estate could not change the title nor give the executors the right to recover land which was not part of the estate nor subject to sale by the executors to pay debts or for distribution." *Watkins* v. *Gilmore,* supra. The principle of that ruling is directly applicable in this case, though the executor is not trying here to recover the land. But the ruling is set out to show that these lands, after the assent of the executor, if such assent was given, were no longer a part of the estate of the testator, S. M. McNair, so that they could be set apart. And as to these lands, the administrator, though he contested the proceedings to set aside a year's support, did not represent these devisees, who became owners of this land under a completed title. They were third parties as to that application, so far as affects the title to the lands in dispute.

Whether or not the acts complained of would amount to waste, was a question of fact.