## WALKER, executrix, v. HORTON.

BELL, Justice. An owner of lands died on February 28, 1928, leaving a will in which he bequeathed distinct parcels to his several children. The will was probated, and a nominated executor qualified on March 5, 1928. This executor was removed, and another person, who was nominated as such in the will, qualified as executrix on December 5, 1932. On February 16, 1929, one of the devisees, a son, obtained a loan of money from a stranger to the estate, executing therefor a promissory note secured by a deed conveying the land bequeathed to him in the will. The note was reduced to judgment February 15, 1933, and, after issuance of an execution and recording of a reconveyance for the purpose of levy and sale, the property was levied on to satisfy the judgment, by an entry of levy dated February 11, 1934. During the same month the executrix filed a claim, alleging that the estate had not been administered, that no assent had been given to the legacy or devise on which the defendant in execution had obtained the loan, and that the property levied on was still a part of the estate and not subject to the judgment of the plaintiff in execution. Before the trial, the plaintiff in execution filed an equitable amendment in aid of the levy, alleging assent to the legacy, but seeking also to compel assent if it should appear as a matter of fact not to have been given. After the introduction of evidence, the plaintiff filed a second amendment requesting that the case be submitted to the jury on stated questions to be propounded by the court. Both amendments were duly allowed. The jury rendered a verdict in favor of the plaintiff on the question of assent, but

also found that the estate owed a specified debt in a sum stated; no other question having been submitted. The executrix moved for a new trial on the general grounds, and later amended her motion by adding several special grounds. The court overruled the motion, and the executrix excepted. *Held:*

1. "All property, both real and personal, being assets to pay debts, no devise or legacy passes the title until the assent of the executor is given to such devise or legacy." Code, § 113-801. "The assent of the executor may be express or may be presumed from his conduct; the executor can not, however, by assenting to legacies, interfere with the rights of creditors, nor can he, by capriciously withholding his assent, destroy the legacy. In equity the legatee may compel him to assent." Code, § 113-802.

(*a*) An assent to a devise is not void merely because it is made within twelve months after the appointment and qualification of the executor. *Day* v. *Cox*, 130 *Ga.* 537 (3) (61 S. E. 121).

(*b*) The evidence, though to some extent conflicting, was sufficient to show that the devisee with consent of the legal representative assumed possession and control of the property after, if not before, he executed the note and security deed, and that with such permission he continued, for several years and until the date of the levy, to treat the property as his own, returning it for taxation in his name, receiving the rents and profits therefrom, and personally residing on the property for a part of the time. In the circumstances, assent to the legacy could be inferred. *Jordan* v. *Thornton*, 7 *Ga.* 517 (2), 520; *Parker* v. *Chambers*, 24 *Ga.* 518 (6); *Thaggard* v. *Crawford*, 112 *Ga.* 326 (37 S. E. 367).

2. The assent of an executor to a devise of lands places title in the devisee, and an assent once given is generally irrevocable. *Watkins* v. *Gilmore*, 121 *Ga.* 488 (3) (49 S. E. 598); *Cull* v. *Cull*, 39 *Ga. App.* 164 (146 S. E. 559).

3. There was no finding in the verdict as to the date of the assent. Even if it were not made until after the devisee had executed the warranty security deed, the title then passing thereby would inure to the benefit of the grantee in such deed. *Oliver* v. *Holt*, 141 *Ga.* 126 (2) (80 S. E. 630); *Sikes* v. *Seckinger*, 164 *Ga.* 96, 103 (137 S. E. 833).

4. Where after an assent to a devise the property is levied on to satisfy a judgment against the devisee, the legal representative can not reclaim the property merely because the devisee is indebted to the estate or there are debts against the estate, pending the settlement of which assent could have been withheld. Whatever may be the remedy of creditors of the estate or other devisees in such case, the assent is binding upon the legal representative so long as it stands; and whether or not it might be revoked for cause such as fraud, accident, or mistake, in the instant case there was nothing to show a revocation, nor was there any evidence that the legal representative was not fully aware of the condition of the estate at the time of the assent, as found by the jury to have been given. See, in this connection, *Watkins* v. *Gilmore*, supra; *McNair* v. *Rabun*, 159 *Ga.* 401 (2) (126 S. E. 9); *Citizens Bank of Vidalia* v. *Citizens & Southern Bank*, 160 *Ga.* 109, 117 (127 S. E. 219); *Wilson* v. *Aldenderfer*, 183 *Ga.* 760 (189 S. E. 907).

5. While it has been held that the legal representative may retain the share of an heir or devisee in payment of a debt due by the latter to the estate, rulings to this effect have reference to the power of an executor to withhold assent, and not to the validity or force of assent given. *Greenwood* v. *Greenwood*, 178 *Ga.* 605 (4) (173 S. E. 858); *Lester* v. *Toole*, 20 *Ga. App.* 381 (93 S. E. 55).

6. The court charged the jury that "a legacy does not vest in the legatee . . until the executor has assented to it, or until the time has come for him to assent thereto, and until he assents by conduct, it appearing that he does not need the assets to pay debts of the estate." Under the principles hereinbefore stated, this charge was not erroneous, as contended, on the grounds, (1) that it was indefinite, confusing, and misleading; (2) there was no evidence to warrant a charge on the subject of assent; (3) that the court failed to explain the meaning of the phrase, "or until the time has come for him to assent thereto;" (4) that the clause, "it appearing that he does not need the assets to pay debts of the estate" amounted to an expression of opinion on the evidence in the case; (5) the absence of debts against the estate would not show assent, and the testimony showed without dispute that the legatee was indebted to the estate upon a judgment against him as principal and paid by the testator as indorser. Compare *Register* v. *Harper*, 177 *Ga.* 769, 771 (171 S. E. 269); *Blitch-Everett Co.* v. *Jackson*, 29 *Ga. App.* 440 (116 S. E. 47). Since the charge clearly made actual assent a condition precedent to the passing of title, it was not erroneous for the reason stated in the last exception, even assuming that the absence of debts would not show assent, and that an indebtedness by the devisee would have furnished ground for withholding it.

7. There being evidence to authorize the inference that due assent to the devise had been given, and no evidence of its revocation or of ground for revocation, a charge to the jury, without qualification, that an assent to a devise can not be withdrawn was harmless to the claimant, if erroneous. Nor is there any substantial merit in the other exceptions.

8. Whether or not a claim case is so equitable in nature as to authorize the submission of questions to the jury under the Code, § 37-1104 (*Central of Georgia Railway Co.* v. *Americus Construction Co.*, 133 *Ga.* 392 (5), 65 S. E. 855; *Douglas* v. *Jenkins*, 146 *Ga.* 341, 91 S. E. 49, Ann. Cas. 1918C, 322), the present case was converted by the plaintiff's amendment into an equitable proceeding, and the submission was not erroneous on the ground that the statute was inapplicable. While, according to the statute, a request for such a submission should be made "before the beginning of the introduction of evidence," in the instant case it is not cause for a new trial that the request was not made until after the evidence had closed, the request having been made before the beginning of argument. *Jefferson* v. *Hamilton*, 69 *Ga.* 401 (3-a); *Mayor etc. of Macon* v. *Harris*, 75 *Ga.* 761 (7-a).

9. Under the rulings stated above, the evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 11776. MAY 18, 1937.

*W. E. Mann* and *W. G. Mann,* for plaintiff in error.
*Joe M. Lang,* contra.