POPE *et al. v.* STANLEY *et al.*

No. 15766. APRIL 19, 1947.

182

*C. C. Crockett* and *W. W. Larsen,* for plaintiffs.
*Lester F. Watson* and *Nelson & Nelson,* for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The ruling announced in the first headnote does not require elaboration.

■ "All property, both real and personal, being assets to pay. debts, no devise or legacy passes the title until the assent of the executor is given to such devise or legacy." Code, § 113-801. "The assent of the executor to a legacy to the tenant for life inures to the benefit of the remainderman. Remainderman, at the termination of the life-estate, may take possession immediately. If, however, the will provides for a sale or other act to be done for the purpose of, or prior to, a division, the executor may recover possession for the purpose of executing the will." § 85-709.

The will in the present case, like the one in *Watkins* v. *Gilmore,* 121 *Ga.* 488 (49 S. E. 598), did not provide for a sale or other act to be done prior to a division. There the executors were discharged after assenting to a devise. A life tenant died, never having had any child or children, and the executors applied for reappointment as executors. They were reappointed by the ordinary, who granted leave to sell. The question having arisen as to whether the order to sell changed the case, it was said in the 4th division of that opinion: "At the time the ordinary granted the order and recited therein that the land had reverted to the estate of the testator, the land had not reverted and was no part of the estate. The assent of the executors perfected the inchoate title of the devisees, and at the death of G. W. Watkins the remaindermen had the right to take immediate possession. This land was no part of the estate, and the order to sell it was void for want of jurisdiction. Such order, being void, could be attacked anywhere and at any time. The title to the land having passed out of the estate into the devisees, the executors have no right to recover it as part of the estate. The ordinary's order to sell can not give the estate any title to the land nor give the executors any right to recover it when it is no part of the estate. Whorten *v.* Moragne, 62 Ala. 201. That order may have adjudicated as against the world that it was necessary to sell land of the estate to pay debts or for distribution, but it did not vest in the estate the title to any land which was no part of the estate. After the assent of the executors and the death of the life tenant, the land in controversy was the property of the remaindermen, and the

title vested in them as completely, as against the estate and the executors, as though it had never formed any part of the estate. The order to sell the land as part of the estate could not change the title nor give the executors the right to recover land which was not part of the estate nor subject to sale by the executors to pay debts or for distribution." See also *Moore* v. *Turner,* 148 *Ga.* 77 (1a) (95 S. E. 965); *Walker* v. *Horton,* 184 *Ga.* 429 (4) (191 S. E. 462); *Miller* v. *Harris County,* 186 *Ga.* 648 (198 S. E. 673); *Pound* v. *Faulkner,* 193 *Ga.* 413 (5) (18 S. E. 2d, 749); *Holcombe* v. *Stauffacher,* 201 *Ga.* 38 (38 S. E. 2d, 818).

The instant case differs on its facts from *Matson* v. *Crowe,* 193 *Ga.* 578 (3) (19 S. E. 2d, 288), where it was held: "Standing alone, the fact of the assent of the executor, however, affords no reason why a court of equity will enjoin a contemplated public sale thereof by the executor, since the statute affords the devisee a direct, complete, and adequate remedy, to wit, the filing of a claim thereto with the ordinary." In the case under review, the sale by the administrator had already taken place, and therefore the plaintiffs in error who were devisees could not have obtained adequate relief by filing a claim in the court of ordinary. Furthermore, it was finally held in *Matson* v. *Crowe,* supra, that other facts were alleged which showed that the intervention of a court of equity was necessary in that case.

The present case also differs on its facts from those in *Wilcox* v. *Thomas,* 191 *Ga.* 319 (5) (12 S. E. 2d, 343), where it was held: "Equity will not interfere with the regular administration of estates except upon the application of the representative, either, first for construction and direction, second for marshalling the assets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interest." The facts there involved did not show that the title to the property had gone out of the estate upon the assent of an executor to a devise.

Counsel for the defendants in error state that the plaintiffs in error wanted another sale by a partitioning, rather than by the administrator's sale already had, and insist that "equity will never require a vain, frivolous, or useless thing to be done." While the uncontroverted evidence tends to show that the property brought a fair price as of the date of the sale, it is admitted that it was

worth more at the time of filing of the suit. In these circumstances, it can not be held that the plaintiffs in error were precluded from seeking a partition of the property as provided by law. The administrator's sale was void because of lack of jurisdiction in the ordinary to appoint the administrator or grant leave to sell, since the assent of an executor, who had been discharged or refused to act, had perfected the inchoate title of the devisees, and thus no estate was left for administration. It follows that the trial judge erred in directing a verdict for the defendants.

*Judgment reversed. All the Justices concur.*